The STATE of Ohio, Appellant,

v.

SMARTT, Appellee.

[Cite as *State v. Smartt* (1989), 61 Ohio App.3d 137.]

Court of Appeals of Ohio,
Cuyahoga County.

No. 55946.

Decided March 20, 1989.

*John T. Corrigan,* prosecuting attorney, and *Ester D. Harber,* for appellant.

*Robert A. Ruggeri,* for appellee.

*Per Curiam.*

We overrule the state's single assignment of error which challenges the trial court's granting of the defendant's motion to suppress the fruits of an investigative stop.

A grand jury indicted the defendant on two counts of possession of cocaine, both counts containing firearm specifications, and one count of possession of criminal tools. Defendant-appellant, Paul E. Smartt, moved to suppress all evidence obtained from the investigative stop and his subsequent arrest by police.

At the hearing on the motion to suppress, the state called as its sole witness the police officer who had stopped the defendant in response to a radio broadcast. The officer testified that one morning at approximately 2:30 a.m., he had received a police radio bulletin "that a light skinned black male parked in a red BMW with the parking lights on in front of the Taste of Honey lounge had a weapon." The officer went to the tavern in response to that call and found the defendant sitting in the driver's seat of a red BMW parked in front of the tavern. The officer then directed his police cruiser's spotlight on the defendant, ordered him to leave his vehicle, and directed the defendant to put his hands on the roof of the BMW.

After another officer arrived, the witness brought the defendant behind the sports car and frisked him. Unable to discover a weapon, the witness, using a flashlight to look inside defendant's car, observed a loaded .38–caliber revolver on the rear passenger's side floor. He also saw a brown shaving case next to the revolver. The police later discovered cocaine in that kit during an inventory of the vehicle's contents.

Where an investigative stop is made in response to a police radio broadcast, the burden is upon the state to show the factual basis for the stop, at a hearing on a motion to suppress. *State v. Hill* (1981), 3 Ohio App.3d 10, 14, 3 OBR 10, 15, 443 N.E.2d 198, 202–203; *State v. Borecki* (Apr. 28, 1988), Cuyahoga App. No. 53665, unreported, 1988 WL 39258. The specific nature of the information contained in a police bulletin cannot alone be used to prove that the action of the police was based upon reliable information. *State v. Hill, supra.*

In this case, the state presented no competent evidence establishing the reliability of the information leading to the issuance of the police bulletin. Nor does the testimony of the police officer reveal that he had any independent factual basis for stopping and frisking the defendant. Cf. *Hill, supra.*

Accordingly, the trial court correctly determined that the police had illegally stopped the defendant and properly granted the defendant's motion to suppress.

We affirm the judgment of the trial court.

*Judgment affirmed.*

Nahra, P.J., John F. Corrigan and Pryatel, JJ., concur.

August Pryatel, J., retired, of the Eighth Appellate District, sitting by assignment.