The STATE of Ohio, Appellee,

v.

ZACHERY, Appellant.

[Cite as *State v. Zachery* (1996), 114 Ohio App.3d 725.]

Court of Appeals of Ohio,
Second District, Montgomery County.

No. CA 15267.

Decided March 22, 1996.

*Carley J. Ingram*, Montgomery County Assistant Prosecuting Attorney, for appellee.

*Michael Holz*, for appellant.

---

Fain, Judge.

Defendant-appellant Shunelle Zachery appeals from her conviction and sentence, following a no-contest plea for drug abuse. Zachery contends that the trial court erred by overruling her motion to suppress upon the grounds that evidence was obtained as a result of an unlawful stop. Zachery also contends that the trial court erred in overruling a motion to suppress evidence acquired as a result of an unlawful pat-down search for weapons.

Although we conclude that the weapons frisk was otherwise justified, we agree with Zachery that the initial stop was not supported by sufficient facts giving rise to a reasonable, articulable suspicion of criminal activity. Therefore, the trial court erred by denying Zachery's motion to suppress. Accordingly, the judgment of the trial court is reversed, and this cause is remanded for further proceedings.

I

One night in September 1994, about 8:35 p.m., two police dispatches were aired concerning disturbances at two addresses, some two to four blocks away from each other. The first dispatch, which preceded the other by a couple of minutes, involved an address on Arlene. The report was that there was a car full of people creating a disturbance, and they were supposed to have guns. There is nothing in the record to indicate the source of this information. The other dispatch involved an address on Woodlake. The only thing that can be gleaned from the record is that this was a report of a disturbance. Again, there is no indication in the record concerning the identity of the caller providing this information. There is also no evidence in the record to indicate that the anonymous source of the information for the one dispatch was independent of the anonymous source of information for the other dispatch. In other words, it is entirely possible from this record that the same person provided the information resulting in both dispatches.

Within about four minutes of the first dispatch, Dayton Police Officer Mike Payne saw a car corresponding to the car described in that dispatch. It appeared to be full of people. Payne stopped the car, and awaited reinforcements. Eventually, the occupants were required to exit the car. One of the officers found a loaded, sawed-off shotgun under the front seat. Each of the occupants was subjected to a weapons frisk, or pat-down search. Zachery was a passenger

in the back seat of the car. Dayton Police Officer Marylou Goodwill conducted the pat-down search of Zachery. Although Goodwill did not find a weapon, she heard a plastic crinkle, and felt "small pebble-like objects" that she believed, based upon her past experience, to be crack cocaine. Goodwill had conducted at least a thousand pat-down searches in her eight years on the force, and was convinced that what she was feeling was crack cocaine contained in a plastic baggie. She retrieved the baggie, and her belief was confirmed.

Zachery was arrested and charged with drug abuse. She moved to suppress the evidence against her. Following a hearing, her motion to suppress was overruled. Subsequently, Zachery pled no contest, was found guilty, and was sentenced accordingly. From her conviction and sentence, Zachery appeals.

## II

Zachery's first assignment of error is as follows:

"The anonymous tip received by the arresting officers over the car radio provided an insufficient basis to stop an automobile being operated in an otherwise lawful manner."

■ Zachery relies upon State v. Smartt (1989), 61 Ohio App.3d 137, 572 N.E.2d 204, for the proposition that where an investigative stop is made in response to a police radio broadcast, the burden is upon the state to show the factual basis for the stop, at a hearing on a motion to suppress, and that without competent evidence establishing the reliability of the information leading to the issuance of the police bulletin, the evidence must be suppressed. We agree with Zachery that State v. Smartt, supra, so holds, and we approve and follow that holding.

■ The state argues, and the trial court found, that the existence of two reports of a disturbance, at addresses from two to four blocks distance from each other, was competent to establish the reliability of the information, even though each call was, as far as can be determined from this record, anonymous. Zachery contends that there is insufficient evidence that the disturbances that were the subject of each call were either identical or related. Even if it were assumed that the disturbance constituting the subject of each of the two calls was the same, or related, the existence of the two calls is not sufficient, in our view, to establish the reliability of the information provided in either call. Significantly, there is nothing in the record to establish that there were two different persons making the calls, or that the ultimate sources of the information were independent. The calls may have been generated by the same caller who had a malicious purpose in falsely reporting criminal conduct on the part of the occupants of the described

vehicle. Alternatively, the calls may have been the result of double or triple hearsay, or mere rumor unfounded by any reliable observation.

A classic example of how even information provided by an anonymous informant can be shown to have sufficient reliability to justify an investigative stop is set forth in *Alabama v. White* (1990), 496 U.S. 325, 110 S.Ct. 2412, 110 L.Ed.2d 301. In that case, the caller, though anonymous, provided a prediction of the suspect's future activity that was sufficiently detailed, and proved sufficiently accurate, to suggest that the caller's information concerning the suspect's alleged criminal activities was reliable. In our view, there is no competent evidence in the case before us sufficient to establish the reliability of the information upon which either dispatch was aired. As one member of this panel observes, "two times zero is zero." Accordingly, we conclude that Zachery's motion to suppress ought to have been sustained.

Zachery's first assignment of error is sustained.

### III

Zachery's second assignment of error is as follows:

"Even if the totality of the circumstances indicated a *'Terry'* pat down search was warranted on the appellant, it was quite obvious to the officer conducting the search that what she felt was certainly not a weapon—as contemplated in *Terry*—so any further search of appellant's pocket was impermissively intrusive and a violation of appellant's constitutional rights."

■ From our review of the record, there is sufficient evidence in the record to justify the trial court's conclusion that police officer Goodwill had a sufficient basis for a weapons frisk, pat-down search, and that the weapons frisk, in turn, led to a reasonable conclusion that the object Goodwill was feeling was a plastic baggie containing crack cocaine.

Zachery's second assignment of error is overruled.

### IV

Zachery's first assignment of error having been sustained, the judgment of the trial court is reversed, and this cause is remanded for further proceedings consistent with this opinion.

*Judgment reversed*
*and cause remanded.*

WOLFF and FREDERICK N. YOUNG, JJ., concur.

FREDERICK N. YOUNG, Judge, concurring.

I fully concur in both the opinion and this court's determination of both assignments of error, but I write separately only to note that this case is a very close call. Had there been some identification of *either* of the callers to the police, *or* some evidence that there were two separate persons making the calls, I believe the police would have been legally justified in stopping the vehicle which amply fitted the description telephoned to the police.