JOURNAL ENTRY AND OPINION
Defendant Thomas Vargo pleaded no contest to a charge of driving with a prohibited blood alcohol concentration after the court denied a motion to suppress evidence. The court subsequently found defendant guilty of the charge. In this appeal, defendant complains the court erred by denying the motion to suppress and by finding him guilty of the blood alcohol concentration charge.
The evidence presented at the suppression hearing showed that a city of Parma police officer responded to a call concerning a black pickup truck "speeding recklessly." The officer responded quickly and spotted a black pickup truck stopped at a stoplight. When the traffic light turned green, the officer saw the truck accelerate rapidly and turn a corner. The officer said the truck tires squealed and the backend of the truck fish-tailed. The officer activated his emergency lights and saw the truck cross left of center and nearly hit the opposite curb before stopping.
When the truck stopped, defendant exited the truck and started walking away. The officer ordered defendant to return to the truck. Defendant did as ordered and the officer looked into the truck and saw an open twelve-pack of beer and a "couple of empties." The officer smelled alcohol on defendant's breath, so he administered roadside sobriety tests. Defendant performed poorly on all the tests. A subsequent breathalyzer test showed defendant's blood alcohol level to be .169.
Defendant's three assignments of error collectively challenge the court's refusal to suppress evidence. Defendant argues the officer lacked probable cause to stop his truck when the only suspicion of criminal activity consisted of the radio dispatch describing a truck speeding recklessly. Defendant claims this radio dispatch was inadmissible hearsay and should have been excluded from the officer's testimony.
Police officers take action based solely upon radio dispatches. In this appellate district, however, we require the city to establish evidence showing a factual basis for the stop. SeeState v. Hill (1981), 3 Ohio App.3d 10; State v. Smartt (1989),61 Ohio App.3d 137.[1] The record shows the city did establish evidence showing a factual basis for the stop. The dispatch asked officer to be on the lookout for a black pickup truck speeding recklessly. The arresting officer said that he was only three blocks away from where the pickup was last reported and quickly found a truck with that description. The officer testified he saw the truck "accelerate[d] rapidly, squealing the tires, turning the corner * * *; back end kind of whipping out on him a little." This driving corresponded in high degree to the description of someone "speeding recklessly." The court properly determined the city established a factual basis for the stop.
Defendant argues the police officer's testimony about the squealing tires was nothing more than a pretext for a stop because the squealing of tires would not support a charge that defendant violated a city ordinance prohibiting a person from operating a vehicle in a manner in which acceleration leaves tire marks on the roadway or causes the tires to squeal. To support this claim, defendant presented the testimony of a mechanic who gave his opinion that defendant's truck had such a small engine that it was incapable of producing the horsepower necessary to suddenly accelerate the vehicle to the point where the tires would squeal. Based on this testimony, defendant claims the officer could not reasonably maintain the tires squealed, so his basis for stopping defendant had to be pretext.
In fact, the city originally charged defendant with squealing his tires, but the city dismissed the charge without prejudice after the hearing on the motion to suppress. Whether the squealing tire charge would have been proven was not an issue for the suppression hearing. The court correctly noted that evidence of squealing tires presented at the suppression hearing properly went to grounds for forming a reasonable suspicion of reckless driving, not as proof that defendant violated the squealing tire ordinance. The court found the testimony presented at the suppression hearing showed defendant's tires "may have produced a sound sufficient to justify the officer" conducting an investigatory stop for the purpose of further investigation.
This case might be different had the arresting officer received the dispatch and immediately pulled over defendant. This did not happen because the officer waited until defendant's own actions corroborated the substance of the radio dispatch. Under this circumstances, we find the court did not err by finding a factual basis for the radio dispatch that warranted the officer in making an investigatory stop. The assigned errors are overruled.
Judgment affirmed.
It is ordered that appellee recover from appellant its costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Parma Municipal Court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
LEO M. SPELLACY, J., ANNE L. KILBANE, J., CONCUR.
 ___________________________ PRESIDING JUDGE JOHN T. PATTON
[1] Other appellate districts have held that the city has no obligation to establish a factual basis for a police radio dispatch which constitutes the sole information acted upon by a police officer making an investigatory stop. See State v. Good
(1987), 37 Ohio App.3d 174. Although we require the city to adhere to a higher standard of proving a factual basis for the stop, it does not matter in the case.