Simpson, Appellee, *v.* Simpson, Appellant.

(No. 10701—Decided April 14, 1969.)

*Messrs. Orth, Zier & Swing,* for appellee.
*Messrs. Boelter, Fisher & Sullivan,* for appellant.

Shannon, P. J.  This is an appeal on questions of law from the Court of Common Pleas, Division of Domestic Relations, upon a finding of guilt of contempt of court.

Appellant was divorced on October 20, 1961, and the decree included an order for support and maintenance of the minor children of the parties.

The matter at bar had its origin in an affidavit of the wife asserting that appellant had disobeyed the order for support and was, therefore, in contempt of court.  On the strength of such affidavit for citation, appellant was brought before the court to answer why he should not be punished for contempt.  It is the alleged irregularity of such hearing, which provides the basis for this appeal.

Appellant assigns as error the failure of the trial court

to afford him a hearing at which the opportunity was given to present evidence of his incapability to obey the order for support.

This court decided that a defendant is entitled to a hearing affording him an opportunity to present facts bearing upon his capability to comply with an order to pay money in a proceeding in a court of domestic relations before he can be found guilty of contempt of such order in the case of *Peters* v. *Peters,* 115 Ohio App. 443.

The issue before us then is: Did the proceedings below giving rise to this appeal constitute the kind of hearing contemplated by law?

Examination of the narrative bill of exceptions before us discloses that, although appellant was present at the time and place ordered by the court, represented by counsel, accompanied by individuals prepared to bear witness in his behalf, there was not a plenary hearing.

While certain copies of records of employment and hospitalizations of appellant were before the court by stipulation, virtually no testimony was heard by the trial court. The accused himself was the only person interrogated by the court, and such was limited to the question of income during 1967 and 1968.

Therefore, we conclude that appellant was denied the opportunity to present fully all that which would be pertinent to show cause why he was not in contempt of court. Such denial constitutes an infringement of appellant's right to due process of law under both the federal and state Constitutions. The finding of guilt is reversed, and this cause remanded for further proceedings according to law.

*Judgment reversed.*

HILDEBRANT and HESS, JJ., concur.