OPINION
Plaintiff-appellant William Maag appeals the decision of the Carroll County Common Pleas Court, Domestic Relations Division, finding him guilty of contempt of court for failing to comply with a court order. This court is asked to determine if appellant's due process rights were violated at the contempt hearing. For the following reasons, the judgment of the trial court is reversed and this cause is remanded to the trial court.
 STATEMENT OF FACTS
William Maag (appellant) and Billie Jo Maag (appellee) were married in November 1997. Two children were born from this marriage. In 1999, appellant filed for divorce. Later that year the divorce was granted. During the divorce proceedings, appellant and appellee agreed to a shared parenting plan, naming appellant as the custodial parent.
In December 2000, appellant moved to suspend the visitation rights of appellee. In February 2001, the trial court ordered appellee to begin counseling and submit to weekly supervised visits. Appellant was ordered to transport the children to Family Visitation and Mediation Services for the weekly supervised visits with appellee. The first visit did not occur until May 5, 2001.
On April 18, 2001, appellee filed a motion to show cause for the delay in complying with the February 2001 order. A hearing was held on May 11, 2001. At the hearing, the trial court introduced and read into the record the Family Visitation and Mediation Services March 29 and May 8 reports. The trial court found appellant guilty of civil indirect contempt. Appellant was sentenced to thirty days in jail, the sentence was suspended and he was given the opportunity to purge the contempt by complying with the February 2001 order. This timely appeal followed.
 ASSIGNMENT OF ERROR
Appellant raises a single assignment of error. This assignment of error contends:
 "THE TRIAL COURT ERRED IN FINDING THE PLAINTIFF-APPELLANT WILLIAM R. MAAG IN CONTEMPT OF COURT WITHOUT PROVIDING TO HIM HIS CONSTITUTIONAL DUE PROCESS RIGHTS REQUIRED BY LAW."
A reviewing court cannot disturb a trial court's finding of contempt absent an abuse of discretion. State ex rel. Delco Moraine Div. v.Industrial Comm. (1990), 48 Ohio St.3d 43, 44. Abuse of discretion is more than an error in judgment; it implies that the court acted unreasonably, arbitrarily or unconscionably in arriving at its decision.Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 218.
Appellant contends that his constitutional due process rights were violated when the trial court read into evidence the May 8 report from Family Visitation and Mediation Services that neither party had seen, and failed to allow him to call witnesses or testify on his own behalf. Appellee, on the other hand, claims that appellant had an opportunity to call witnesses, but did not. Appellee goes further to state that the court used the Family Visitation and Mediation Service's March 29 report to find appellant guilty. Appellee fails to mention the May 8 report which neither she nor appellant received or viewed prior to it being read into the record.
Contempt of court is defined as disobedience or resistance to a process, order, rule, or judgment of a court. R.C. 2705.02(A). Contempt of court is divided into indirect and direct contempt and further divided into civil and criminal contempt. Indirect contempt occurs outside the presence of the court. In re Purola (1991), 73 Ohio App.3d 306, 312. Civil contempt is usually in the form of a conditional sentence or fine that may be purged by compliance with an order. Catholic Social Services ofCuyahoga Cty. v. Howard (1995), 106 Ohio App.3d 615, 619.
An alleged civil contemnor is entitled to procedural due process. Though more stringent due process may be essential in criminal contempt, due process must still be observed in civil contempt proceedings. Simpsonv. Simpson (1969), 19 Ohio App.2d 167, 168; In re Oliver (1948),333 U.S. 257; In re Green (1962), 369 U.S. 689. Specifically, a court cannot find a person guilty of civil indirect contempt without conducting an adversarial hearing. State v. Kitchen (1998), 128 Ohio App.3d 335,341; R.C. 2705.03; R.C. 2705.05. Before the adversarial hearing, appellant must receive notice of the charge. R.C. 2705.03; Cincinnati v.Cincinnati Dist. Council 51 (1973), 35 Ohio St.2d 197. Also a person must have the opportunity to answer and provide testimony. Courtney v.Courtney (1984), 16 Ohio App.3d 329, 332; R.C. 2705.03; R.C. 2705.05.
It is undisputed that appellant received notice. However, appellant's claims rely on other due process deficiencies at the May 11 hearing. Although both attorneys made arguments, these arguments appear to be opening statements. Neither party introduced any document or testimony into evidence. After the attorneys made their statements, the court read into evidence the March 29 report, which both parties received, and proceeded to read the May 8 report after both parties acknowledged that they had not received nor reviewed this report. This court finds that appellant's defense was prejudiced when the trial court introduced the March 29 and May 8 reports into the record on its own. All other claims of due process violations will not be addressed.
Although Evid.R. 611(A) allows the court to exercise reasonable control of the mode of presenting evidence, the trial court should not assume the role of an advocate. Usually an appellate court reviews complaints about a trial court assuming the role of an advocate in regards to questioning a witness. The rules permit a trial court to ask neutrally phrased questions, but, the trial court must avoid stepping into the role of an advocate which may affect its appearance of impartiality. State v.Prokos (1993), 91 Ohio App.3d 39, 44. The reason for the rule is that it is a trial court's duty to maintain order and guard the rights of the parties. 89 Ohio Jurisprudence 3d (1989) 44, Duties of Judge, Section 15, citing Cincinnati Traction Co. v. McKim (1919), 13 Ohio App. 108. A trial court cannot properly protect the rights of the parties if it assumes the role of an advocate. This rule should equally apply to the introduction and presentation of evidence into the record.
A trial court introducing and presenting evidence into the record, especially when some of that evidence has not been viewed by either party, leans toward assuming the role of an advocate. Moreover, attorneys for all parties must be given the opportunity to inspect the report personally to ensure meaningful participation by all attorneys. State v.Daniels (1982), 1 Ohio St.3d 69, 71 (discussing a judge's independent determination of the existence of a producible out-of-court witness statement that neither party reviewed). Furthermore, it is the parties'
duty to introduce evidence. R.C. 2315.01(A)-(D); 89 Ohio Jurisprudence3d (1989) 72, Duty of Counsel, Section 40. It is not the obligation of the trial court. This is an adversary system, where the opposing party introduces the evidence. State v. Roberts (1976), 50 Ohio App.2d 237, 246
(discussing a trial judge's reading of grand jury testimony to determine if the transcript would be useful to the defendant, rather than determining from defendant's motion if he had a particularized need for the transcript). An advocate is frequently in a better position than the trial court to inspect and review a report and to spot inconsistencies, being much more familiar with the entire case. Daniels,1 Ohio St.3d at 71. The determination of what may be useful to the parties can properly and effectively be made only by an advocate. Roberts,50 Ohio App.2d at 246. The advocate is unable to intelligently argue a matter prior to the court's ruling if he is unaware of the court's evidence against him. Id.
An excerpt from an address from Dean Pound to the American Bar Association dated September 29, 1941, describes the position of the court in our adversarial system, stating that the court should "insist that everything upon which they are to base an order or judgment must be before them in such a way that no party to be affected can be cut off from full opportunity to explain or refute it or challenge its application to his case." Dayton v. Dabney (1994), 99 Ohio App.3d 32,39, citing Zangerle v. Evatt (1942), 139 Ohio St. 563, 574-575.
In conclusion, neither party was able to review documents which were first introduced by the trial court. This inability to review and prepare was prejudicial. We agree that appellant was not given the type of hearing required by the statute. Appellant's assignment of error is demonstrated by the record.
For the foregoing reasons, the judgment of the trial court is hereby reversed and this cause is remanded for a new hearing.
Donofrio, J., concurs.
Waite, J., concurs.