OPINION
This is an appeal from an order of the domestic relations court overruling a post-decree motion to reduce or terminate child support and to hold the movant's former spouse in contempt for failing to pay marital debts.
The marriage of Alfie D. Moore, the wife, and Willie T. Moore, the husband, was terminated by a decree of divorce on August 13, 1999. Custody of the parties' three minor children was awarded to Alfie.[1]Willie was ordered to pay child support in the amount of $278 per child.The court ordered Alfie to pay certain debts upon which the parties werejointly bound, including a loan for a car that the court awarded toAlfie.
 Willie filed a two-branch motion on April 3, 2001. The first branchalleged that Alfie had failed to pay the marital debts, and asked thecourt to order Alfie to show cause why she should not be found incontempt as a result. The second branch asked the court to reduce orterminate Willie's spousal support obligation.
 The motion was referred to a magistrate for a decision. The magistrateconducted a hearing on the motion and subsequently filed a decisionoverruling both branches and denying the relief requested. Willie filedobjections. The trial court overruled the objections and adopted themagistrate's decision. Willie filed a timely notice of appeal.
 FIRST ASSIGNMENT OF ERROR "THE TRIAL COURT ERRED WHEN IT FAILED TO FIND APPELLEE IN CONTEMPT OF COURT DESPITE CLEAR AND CONVINCING EVIDENCE THAT APPELLEE DID NOT FOLLOW COURT ORDERS SET FORTH IN THE FINAL JUDGMENT AND DECREE OF DIVORCE."
"Contempt of court" is disobedience of a court order, and it is conduct which brings administration of justice into disrespect or which tends to embarrass, impede, or obstruct the court in the performance of its functions. Windham Bank v. Tomaszcyk (1971), 27 Ohio St.2d 55. Proof ofintent is not a condition precedent to a finding of civil contempt. Pughv. Pugh (1984), 15 Ohio St.3d 136. As a result, the fact that acontemnor did not intend to violate a court order or acted in good faithor on the advice of counsel is no defense to a charge of civil contempt.State ex rel. Adkins v. Sobb (1988), 39 Ohio St.3d 34. However, theinability of the contemnor to comply with a judgment or order, withoutfault on the contemnor's part, is a good defense in a contempt proceedingfor disobedience of the order. Simpson v. Simpson (1969),19 Ohio App.2d 167.
Alfie did not dispute that she had failed to pay the marital debts identified in Willie's charges in contempt. Rather, she claimed that she was unable to pay them because Willie had failed to pay the child support he was ordered to pay her.
Willie didn't deny that he failed to pay child support. He attributed that to his low income, approximately $7,000 per year earned working as a roofer, plus the additional responsibilities for seven children he acquired in a new marriage, one of whom is severely impaired and requires his attention. Because of that particular personal responsibility, according to Willie, he is unable to earn more than he does and lacks the annual income he had at the time of the divorce, $26,000, on which his child support obligation is calculated. Further, according to Willie, Alfie's current income of $30,000 per year permits her to pay some of the bills she was ordered to pay but didn't.
The magistrate rejected Willie's arguments, and found that his failure to pay child support caused Alfie to be unable to pay the marital debts she had been ordered to pay. Willie objected that Alfie's income of $30,000 per year was sufficient to pay the debts and that "[c]hild support is a separate issue." The trial court overruled the objections, holding that "[t]he magistrate did not err in applying a `clean hands' doctrine."
Willie argues on appeal that Alfie's claim that his failure to pay child support prevented her from complying with the court's order to pay the marital debts is too self-serving to be credited, and that it lacks corroboration to make it credible. He relies on Large v. Large (April29, 1992), Franklin App. No. 91-AP-1193, wherein the appellate courtreversed a trial court's refusal to hold an obligor who had failed to paybills in contempt when he admitted the failure but "presented no apparentexcuse for the failure to pay these bills, although he suggested that hemight not have had the funds to do so. Id., p. 7.
Alfie didn't fail to offer an excuse for failing to pay the bills she was ordered to pay. She testified that since her divorce from Willie ". . . I have not received one dime of child support" (T. 31), that she is the sole support of herself and the parties' three children, that several of the unpaid bills have resulted in garnishments from her paycheck, that she is working to pay the others, but that ". . . I find it hard to have garnishments taken out of my paycheck and paying everything off considering I'm not getting child support." (T. 35). The magistrate confirmed that the child support arrearage outstanding on May 31, 2001, was $15,739. (T. 35).
In contrast to the obligor in Large, supra, Alfie presented acompelling excuse for her failure to comply with the court's order to paybills. The trial court could reasonably credit her testimony, withoutcorroboration, to find that her failure to comply was due to an inabilitythat was the direct result of Willie's own failure to pay child support.That inability is a defense to the contempt alleged. Simpson, supra. Wefind no abuse of discretion.
 The first assignment of error is overruled.
 SECOND ASSIGNMENT OF ERROR "THE TRIAL COURT ERRED WHEN IT GAVE DEFERENCE TO THE MAGISTRATE'S DECISION WITHOUT CONDUCTING AN INDEPENDENT DE NOVO REVIEW OF THE RECORD."
 Formerly, Civ.R. 53 required the trial court to make an independent orde novo review of the magistrate's decision, or the report andrecommendation of the referee as it was then known, and make its owndetermination of the issues referred. Inman v. Inman (1995),101 Ohio App.3d 115. The 1995 amendments to Civ.R. 53 modified thecourt's responsibility. If written objections are filed, the court mustmake a de novo determination of the issue of fact or law the objectionsinvolve. The court may not "defer" to the magistrate's findings as anappellate court would to those of a trial court. Rammel v. Rammel (May9, 1997), Montgomery App. No. 15887. However, if no objections arefiled, the court may adopt the magistrate's decision summarily, absentany error of law or other defect on the face of the magistrate'sdecision. Civ.R. 53(E)(4)(a).
 Willie argues that the court failed to conduct a de novo review ofWillie's objection to the magistrate's rejection of Willie's contemptcharge. The court stated that "[t]he magistrate did not err in applyinga `clean hands' doctrine." (T. 2). Willie argues that the court'sreference to error implies an appellate standard of review.
 The fact that an appellate court reviews a trial court's judgments andorders for error does not preclude a trial court's review of itsmagistrate's decision for error, and that review does not becomeappellate in nature because it involves error. The appellate standard,when a de novo review is not involved, requires deference to the trialcourt's findings. The trial court may not likewise defer to itsmagistrate when ruling on an objection, but the fact that it then reviewsfor error alleged in an objection does not make its standard of reviewappellate. We cannot find that the trial court crossed the line when itfound no error in the magistrate's application of the "clean hands"doctrine to reject Willie's contempt charge.
 The second assignment of error is overruled.
 THIRD ASSIGNMENT OF ERROR "THE TRIAL COURT ERRED WHEN IT FOUND APPELLANT TESTIMONY OF APPELLANT'S INCOME NOT CREDIBLE AND IMPUTED ARBITRARY INCOME AMOUNT TO APPELLANT."
When the parties were divorced the court found that Willie had an income of $26,800 per year, being then self-employed in his own auto detailing business. The court had found his testimony in that regard evasive, however. The magistrate likewise rejected Willie's current claim that he now earns but $7,000 annually as a roofer, stating that, again, ". . . the defendant (Willie) is intentionally being evasive about his income . . ." (Decision, p. 4). The trial court appears to have adopted that finding.
Willie argues that the trial court abused its discretion because he explained why he cannot earn more and Alfie offered no evidence to contradict his claims. That is the relevant standard for Civ.R. 56(C) motions for summary judgment; the court must construe the evidence presented "most strongly" in favor of the party against whom the motion is made. That standard doesn't apply here, however.
The court made a merit determination on Willie's motion in which it was entitled, and required, to weigh the evidence he offered, discounting or rejecting that which it found lacks credibility. Further, it was Willie's burden, as proponent of his claim, to prove its merits. The court could find that he failed to satisfy that burden if the court rejects the evidence he offers, as it did. In that event, it is of no moment that the adverse party, Alfie in this instance, fails to offer any evidence to rebut the movant's.
The court did not "impute" income to Willie in this proceeding when it denied his motion, It merely continued the status quo ante with respectto his child support obligation when it rejected his request on a findingthat Willie's claimed need for a reduction was not credible. We see noabuse of discretion.
 The third assignment of error is overruled.
 FOURTH ASSIGNMENT OF ERROR "THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT DENIED APPELLANT'S MOTION TO REDUCE OR TERMINATE THE PAYMENT OF CHILD SUPPORT WHERE A CHANGE OF CIRCUMSTANCES HAD OCCURRED SINCE THE ORIGINAL DECREE."
Willie argues that the reduction in income to which he testified, down from $26,800 annually at the time of the decree to $7,000 annually when his motion was heard, constitutes a sufficient change of circumstances to warrant modification of his child support obligation. We agree that, as circumstances, they are sufficient to permit a modification. Willie's difficulty is that the court rejected the existence of those particular circumstances when it held that his testimony in that regard lacked credibility.
The court was not required to credit Willie's $7,000 income claim upon presentation of his employer's W-2 form. The court could reject the claimed reduction if it believed that Willie might have other income "off the books," perhaps from his self-employment as an auto detailer, which provided most of his income at the time of the divorce. Positive proof that he continues to enjoy that income is not required when, as it did here, the court rejects Willie's evidence that he no longer enjoys it. The court isn't required to credit the testimony of a person whom it believes is lying.
The fourth assignment of error is overruled.
 Conclusion Having rejected the error assigned, we will affirm the judgment fromwhich this appeal was taken.
WOLFF, P.J. and FAIN, J., concur.
[1] For purposes of clarity and convenience, the parties are identifiedby their first names.