NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 20-1027
_____

MARTIN G. MCCULLAGH,
                                        Appellant

v.

MARTIN T. MCCULLAGH;
SHEILA MCCULLAGH

_____

On Appeal from the United States District Court for the
Eastern District of Pennsylvania
(D.C. No. 2-18-cv-03888)
District Judge: Honorable Robert F. Kelly
_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
October 2, 2020

Before:  SHWARTZ, PHIPPS and FISHER, *Circuit Judges*.

(Filed: October 22, 2020)
_____

OPINION[*]
_____

FISHER, *Circuit Judge*.

    Martin G. McCullagh ("Martin G.") sued Martin T. McCullagh ("Martin T.") and

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7
does not constitute binding precedent.

Sheila McCullagh (collectively, the "McCullaghs") for civil identity theft under Pennsylvania law.[1] After a bench trial, the District Court entered judgment in favor of the McCullaghs, concluding that Martin G. failed to prove each statutory element. Martin G. appeals, asserting a variety of factual and legal errors. We will affirm.[2]

A person commits identity theft "if he possesses or uses, through any means, identifying information of another person without the consent of that other person to further any unlawful purpose."[3] Accordingly, to meet his burden at trial, Martin G. had to show that the McCullaghs (1) possessed or used his social security number, the "identifying information" at issue,[4] (2) to further an unlawful purpose.

On appeal, Martin G. challenges the District Court's ruling on each element. He labels the District Court's "finding of fact" that the McCullaghs failed to possess or use his SSN to be an "error of law," Appellant's Br. at 10, and then claims that the Court erroneously required him to prove both possession and use, instead of just one or the other. At the outset, it is unclear to us how a finding of fact could be an error of law.[5]

---

[1] 18 Pa. Cons. Stat. § 4120 defines and criminalizes identity theft. 42 Pa. Cons. Stat. § 8315 establishes a private right of action for victims of identity theft.

[2] The District Court had jurisdiction under 28 U.S.C. § 1332(a)(1). We have jurisdiction under 28 U.S.C. § 1291. "On appeal from a bench trial, our court reviews a district court's findings of fact for clear error and its conclusions of law *de novo*." *VICI Racing, LLC v. T-Mobile USA, Inc.*, 763 F.3d 273, 282-83 (3d Cir. 2014).

[3] 18 Pa. Cons. Stat. § 4120(a).

[4] *See* 18 Pa. Cons. Stat. § 4120(f).

[5] *See Berg Chilling Sys. v. Hull Corp.*, 369 F.3d 745, 754 (3d Cir. 2004) (contrasting "the district court's legal determinations" with its "factual determinations").

Next, we need not reach Martin G.'s second argument because, even if the possession or use element was in fact satisfied, the District Court properly determined that the unlawful purpose element of § 4120(a) was not. That alone is enough to affirm.

As to the unlawful purpose element, Martin G. summarily argues that that "[t]here can be no other reason" for the McCullaghs' "signing the [IRS Form 1099-S] with Martin G's Social Security number" but "to avoid Federal Taxes."[6] The District Court disagreed, however, stating that Martin G. "failed to establish that the McCullaghs . . . used the SSN for the unlawful purpose of avoiding paying taxes."[7]

We review that conclusion of law *de novo*.[8] As to the factual findings which the District Court made to support that conclusion, we review for clear error.[9] A district court's "finding of fact is clearly erroneous when it is 'completely devoid of minimum evidentiary support displaying some hue of credibility or bears no rational relationship to the supportive evidentiary data.'"[10]

Given the deference owed in this fact-driven case, it cannot be said that the District Court erred in concluding that Martin G.'s SSN was not used to further an unlawful purpose or that its judgment was against the preponderance of the evidence, as Martin G. claims. During a two-day trial involving six witnesses, Martin T. avowed

---

[6] Appellant's Br. at 22.
[7] App. 17-18.
[8] *VICI Racing*, 763 F.3d at 282-83.
[9] *Id.*
[10] *Id.* at 283 (quoting *Berg*, 369 F.3d at 754).

3

under oath that he never knew Martin G.'s SSN nor told the closing company, the Abstract Company, to use it. Rather, he simply signed when instructed in reliance on the closing "professional" and was oblivious to the misprint.[11] Martin T.'s credibility was buttressed by his testimony that he has difficulty reading and that he did not know his own SSN and thus, would not have recognized an incorrect SSN. He usually asks his wife (and co-defendant) for it, but Sheila was not in the room nor called upon when the form needed to be signed. In short, the McCullaghs unequivocally asserted that they never intended to further an illegal tax evasion purpose, and where the District Court has judged the credibility of witnesses at trial, as here, "our review is particularly deferential."[12]

The McCullaghs' actions were also inconsistent with the unlawful scheme Martin G. purports. After the closing, they reported the taxable income to the IRS, paid the entire tax liability, and when alerted to the mistake on the Form 1099-S, promptly notified their accountant who advised Abstract how to correct it. Abstract's president further confirmed that it was indeed an Abstract employee—not the McCullaghs—who printed the wrong SSN on the form. Abstract also paid $2,000 to Martin G. as compensation for legal fees and expenses when his attorney complained of the error. Notably, Martin G.'s attorney, in investigating the error, acknowledged that "[a]ccidents do happen from time to

---

[11] App. 11.

[12] *Travelers Cas. & Sur. Co. v. Ins. Co. of N. Am.*, 609 F.3d 143, 156-57 (3d Cir. 2010).

time."[13] Likewise, Martin G. now concedes on appeal that an act done out of "mistake" is consistent with a judicial determination that the defendant did not act to further an "illegal purpose."[14]

With sufficient evidence supporting that the SSN was accidentally misprinted by a third party and not by the McCullaghs to further an unlawful purpose of evading taxes, the District Court did not err in concluding that Martin G. failed to prove identity theft as statutorily defined. We will affirm.

---

[13] App. 108.

[14] Appellant's Br. at 14. Indeed, the unpublished district court cases Martin G. cites support the point that mistakes do not give rise to civil identity theft liability. *See Eagle v. Morgan*, No. 11-4303, 2013 WL 943350, at *9 (E.D. Pa. Mar. 12, 2013) (finding "no merit" to an identity theft claim where "the evidence reflects that this information was inadvertently" used); *Wallace v. MediaNews Grp., Inc.*, No. 1:12-CV-0872, 2013 WL 214632, at *6 (M.D. Pa. Jan. 18, 2013)*, aff'd in part and vacated on other grounds*, 568 F. App'x 121, 127-28 (3d Cir. 2014) (unpublished) (concluding that a publisher did not act to further an unlawful purpose where it mistakenly published the plaintiff's picture in an article detailing a crime which he did not commit).