[Cite as *James v. Vaile*, 2011-Ohio-5240.]

COURT OF APPEALS
DELAWARE COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | | |
|---|---|---|
| CRAIG A. JAMES | : | JUDGES: |
| | : | Hon. William B. Hoffman. P.J. |
| Plaintiff-Appellee | : | Hon. Sheila G. Farmer, J. |
| | : | Hon. John W. Wise, J. |
| -vs- | : | |
| | : | |
| QWENSANTA LIBERTY VAILE, | : | Case No. 11CAF030027 |
| FKA KRISTIN Q. LIBERTY JAMES | : | |
| | : | |
| Defendant-Appellant | : | O P I N I O N |


CHARACTER OF PROCEEDING:        Appeal from the Court of Common
Pleas, Case No. 01DRA07259


JUDGMENT:        Affirmed


DATE OF JUDGMENT:        October 10, 2011


APPEARANCES:

For Plaintiff-Appellee        For Defendant-Appellant

CELESTE MANNS BRAMMER        GEORGE Q. VAILE
P.O. Box 2451        776 Worthington New Haven Road
Westerville, OH 43081        Marengo, OH 43334

CRAIG JAMES
6768 North Sectionline Road
Radnor, OH 43066

*Farmer, J.*

{¶1} This case arose from a divorce proceeding between Craig James and appellant, Qwensanta Vaile. On August 19, 2009, Mr. James filed a motion to reappoint appellee, Celeste Brammer, as guardian ad litem for the children. By entry filed August 25, 2009, the trial court granted the motion and appointed appellee as guardian ad litem.

{¶2} A hearing before a magistrate was held on March 5, 2010. The parties entered into a memorandum of agreement which was filed on March 8, 2010, to be memorialized as an agreed judgment entry at a later date.

{¶3} Appellee submitted her guardian ad litem fees to be included in the agreed judgment entry. On April 22, 2010, the agreed judgment entry was filed which included the guardian ad litem fees to be paid by Mr. James in the amount of $1,393.75 and appellant in the amount of $1,768.75.

{¶4} On October 6, 2010, appellee filed a motion for a show cause order against appellant for her failure to pay her share of the guardian ad litem fees. A hearing before a magistrate was held on January 5, 2011. By decision filed January 10, 2011, the magistrate ordered appellant to pay appellee $50.00 per month until the debt was paid. Appellant filed objections. By judgment entry filed February 28, 2011, the trial court overruled the objections and approved and adopted the magistrate's decision.

{¶5} Appellant filed an appeal and this matter is now before this court for consideration. Assignments of error are as follows:

I

{¶6}   "THE COURT BELOW ERRED IN PERMITTING THE NON-PARTY GUARDIAN *AD LITEM* TO FILE A MOTION FOR A SHOW CAUSE ORDER AGAINST THE DEFENDANT-APPELLANT FOR THE PURPOSES OF COLLECTING HER ATTORNEY FEES AS THE GUARDIAN *AD LITEM* DOES NOT HAVE STANDING IN THIS MATTER."

II

{¶7}   "THE COURT ERRED IN PERMITTING THE ACTION TO GO FORWARD BASED ON A MOTION FOR A SHOW CAUSE ORDER THAT SOUGHT A CITATION OF CONTEMPT AND A 'SENTENCE ON INCARCERATION' BECAUSE THIS IS A CIVIL ACTION AS THAT TERM IS DEFINED IN *ARTICLE I SECTION 15 OF THE CONSTITUTION OF THE STATE OF OHIO* AND IT IS NOT PROPER TO HOLD THE THREAT OF JAIL OVER THE HEAD OF THE DEFENDANT-APPELLANT IN AN ATTEMPT TO COLLECT A CIVIL DEBT ABSENT A CLAIM AND SHOWING OF FRAUD."

III

{¶8}   "THE COURT BELOW ERRED IN CITING OHIO REVISED CODE SECTIONS AS A REASON FOR FAILING TO APPLY *ARTICLE I, SECTION 15 OF THE CONSTITUTION OF THE STATE OF OHIO* TO THIS CASE."

IV

{¶9}   "THE COURT ERRED IN FAILING TO FIND THAT THERE WAS A LACK OF DUE PROCESS AS GUARANTEED BY THE *CONSTITUTION OF THE STATE OF OHIO* AND THE *UNITED STATES CONSTITUTION* IN THE HEARING BEFORE THE

MAGISTRATE WHEN THE DEFENDANT-APPELLANT WAS NOT PERMITTED TO EVEN OFFER ANY EVIDENCE BEFORE THE MAGISTRATE RENDERED HER DECISION."

I, II

{¶10} These assignments challenge appellee's right, as a non-party, to prosecute a contempt action against appellant pursuant to an agreed judgment entry ordering appellant to pay guardian ad litem fees.

{¶11} Pursuant to the agreed judgment entry filed April 22, 2010, appellant agreed to the following: "The Guardian ad Litem, Celeste Brammer, shall be paid the balance of her bill by April 20, 2010.  The Plaintiff, Craig A. James owes the GAL, the sum of $1,393.75 and the Defendant, Qwensanta Vaile owes the GAL the sum of $1,768.75."  There was never a challenge to this agreed entry; therefore, it has full force and effect against appellant.

{¶12} Appellant argues appellee was not a party to the divorce and its supplemental orders.  However, on August 25, 2009, the trial court appointed appellee as the guardian ad litem, stating the following: "The Guardian ad Litem fees are in the nature of child support for the purposes of dischargeability in bankruptcy."

{¶13} Pursuant to R.C. 2705.031(B)(1), "any party" may pursue a contempt action for failure to pay support: "Any party who has a legal claim to any support ordered for a child, spouse, or former spouse may initiate a contempt action for failure to pay the support."  Further, in *In Re: Contempt of Thomas,* Cuyahoga App. Nos. 86375 and 86939, 2006-Ohio-3324, our brethren from the Eighth District sanctioned a

guardian ad litem's contempt action for fees which were ordered to be paid as child support.

{¶14} We conclude in the enforcement of an unchallenged agreed order wherein guardian ad litem fees are ordered to be paid in the nature of child support, the guardian ad litem has standing to prosecute the failure to obey the order. One might ask, "Who else would bring the action but the guardian ad litem?" By analogy, trial courts permit child support enforcement agencies to pursue non-support orders via contempt proceedings. We find appellee had standing to bring the action sub judice.

{¶15} Appellant also argues guardian ad litem fees are in the nature of a "civil debt" which is barred from contempt proceedings. As we will address in Assignments of Error III and IV, no contempt was actually found by the magistrate or the trial court. The April 22, 2011 original order was by agreement and unchallenged by appellant. The subsequent magistrate's decision and trial court order merely enforced the provisions in the agreed entry and provided for installment payments.

{¶16} Assignments of Error I and II are denied.

III, IV

{¶17} Appellant claims she was denied due process of law and not permitted to present evidence. We disagree.

{¶18} In our review of these assignments, it is necessary to examine the magistrate's decision. Although the matter was brought before the trial court on a show cause motion for failure to pay the court ordered guardian ad litem fees, neither the magistrate nor the trial court found appellant in contempt:

**{¶19}** "An Agreed Judgment Entry was signed by the parties, Celeste Brammer as Guardian Ad Litem, Magistrate Laughlin and Judge Kruger on April 22, 2010. In that Agreed Judgment Entry it stated that Defendant Qwensanta Vaile owes Guardian Ad Litem Celeste Brammer $1,768.75. Defendant Qwensanta Vaile had until April 20, 2010 to pay the agreed to fees. To date she has not paid those fees.

**{¶20}** "Therefore, Defendant Qwensanta Vaile shall pay $50.00 per month to Celeste Manns Brammer until the remaining guardian ad litem fees of $1,768.75 are paid to Celeste Manns Brammer." Magistrate's Decision filed January 10, 2011.

**{¶21}** In its judgment entry filed February 28, 2011, the trial court overruled appellant's objections and approved and adopted the magistrate's decision. There was no finding of contempt, but a mere modification regarding the payment of the guardian ad litem fees as set forth in the agreed judgment entry. In fact, a payment arrangement was exactly what appellant asked for during the magistrate's hearing. January 5, 2011 T. at 11. Therefore, we find appellant's constitutional objections to be without merit.

**{¶22}** Assignments of Error III and IV are denied.

{¶23}  The judgment of the Court of Common Pleas of Delaware County, Ohio is hereby affirmed.

By Farmer, J.

Hoffman, P.J. and

Wise, J. concur.


s/Sheila G. Farmer_____


s/ William B. Hoffman_____


_s/ John W. Wise_____

JUDGES


SGF/sg 909

[Cite as *James v. Vaile*, 2011-Ohio-5240.]

IN THE COURT OF APPEALS FOR DELAWARE COUNTY, OHIO

FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| CRAIG A. JAMES | : | |
| | : | |
| Plaintiff-Appellee | : | |
| | : | |
| -vs- | : | JUDGMENT ENTRY |
| | : | |
| QWENSANTA LIBERTY VAILE, | : | |
| FKA KRISTIN Q. LIBERTY JAMES | : | |
| | : | |
| Defendant-Appellant | : | CASE NO. 11CAF030027 |

For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Delaware County, Ohio is affirmed. Costs to appellant.

s/Sheila G. Farmer_____

s/ William B. Hoffman_____

s/ John W. Wise_____

JUDGES