JOURNAL ENTRY and OPINION
{¶ 1} Tracee Thomas (appellant) appeals the trial court's decision awarding fees to Steven Wolkin (the GAL), a guardian ad litem appointed to represent her minor child, B.L.W., in the ongoing custody and support matter between appellant and B.L.W.'s father, Michael White (father). Appellant also appeals the court's finding her in contempt for failure to pay the GAL's fees and denying her motion to remove the GAL. After reviewing the facts of the case and pertinent law, we affirm in part, reverse in part, and remand.
 I. {¶ 2} The instant case has a long and tortured procedural history, which, unfortunately, stems from the custody of a minor child born in 1995, with court filings dating back to 1996. The case activity has been extensive, requiring unnecessary time and money expenditures from the GAL, as well as the court system. A brief overview of the facts of this case follows.
 {¶ 3} Custody was originally ordered to the father in the spring of 1997, with visitation rights going to appellant. Since then, appellant and father have fought bitterly about modifications of the parenting plan and support obligations, discovery, protection orders, sanctions, psychological evaluations, and continuances, among other things. Appellant has changed counsel numerous times and guardian ad litems have been appointed and have subsequently withdrawn more than once.
 {¶ 4} On September 16, 2003, the current GAL was appointed to this case. On February 20, 2004 and May 10, 2005, the court ordered appellant to pay the accumulating GAL fees, as child support, in connection with the instant case. The court also held appellant in contempt and issued a 30-day suspended sentence for failure to pay the GAL fees as mandated. Appellant repeatedly failed to make any payments, despite the fact that at least one of the payment orders, specifically the February 20, 2004 order for $1,000, was a reduced amount that appellant agreed to pay the GAL. On July 14, 2005, the court held a hearing regarding the GAL's motion for fees and appellant's motion to remove the GAL. In a July 26, 2005 journal entry, the court again ordered appellant to pay a portion of the GAL fees, which had now accumulated to over $9,000, specifically finding that appellant had the ability to make such a payment. The court also summarily denied appellant's request to remove the GAL, finding the motion meritless.
 II. {¶ 5} In her first assignment of error, appellant argues that "given the fact that the `GAL's' alleged fees were listed to his knowledge amongst the appellant's debts in the bankruptcy petition, it follows that the court erred when she [sic] credited the argument that these fees could not be (and were impervious to being) discharged in bankruptcy."
 {¶ 6} Pursuant to R.C. 3111.14, the court may assess guardian ad litem fees against the parties in a child support case. See,Sutherland v. Sutherland (1989), 61 Ohio App.3d 137. Under11 U.S.C. 523(A)(5), a bankruptcy proceeding "does not discharge an individual debtor from any debt * * * for a domestic support obligation." See, also, Jackson v. Herron, Lake App. No. 2004-L0-45, 2005-Ohio-4039 (holding that "the United States Bankruptcy Court for the Northern District of Ohio * * * held that the nature of the duties performed by a guardian ad litem `is clearly within the nature of support to meet the needs of the minor child.' As such, guardian ad litem fees, like a child support obligation, is a nondischargeable debt") (quoting In reLever (N.D. Ohio 1991), 174 B.R. 936, 942). Furthermore, pursuant to B.R. 4007 and 28 U.S.C. 1334, state courts have concurrent jurisdiction with bankruptcy courts to hear matters concerning whether a particular payment is in the nature of support and, thus, whether it is dischargeable.
 {¶ 7} In the instant case, the court's most recent journal entry ordering appellant to pay GAL fees states as follows: "It is further ordered, adjudged and decreed that Tracee Thomas, mother, shall pay the sum of $6,168 to Steven E. Wolkin, guardian ad litem, as guardian ad litem fees, for additional childsupport * * *." (Emphasis added.)
 {¶ 8} In light of the above state and federal cases and statutes, as well as the bankruptcy rule, we conclude that the GAL fees assessed as child support are nondischargeable in bankruptcy proceedings. Appellant's first assignment of error is overruled.
 III. {¶ 9} In her second assignment of error, appellant argues that "given the fact that unassailable proof showed the appellant not only lacked the funds to pay the past due `GAL' fees, but also showed that she was barely subsisting on welfare (in the form of food stamps and a section 8 voucher) along with the assistance of her parents, the sentence imposed herein because of a failure to discharge assessed GAL fees would, if executed, violate the prohibition against imprisonment for debt." Although unclear from her brief, appellant seems to argue that she should not be responsible for paying the GAL fees because she does not have the money.
 {¶ 10} We review a contempt holding for failure to pay child support under an abuse of discretion standard. See, State exrel. Celebrezze v. Gibbs (1991), 60 Ohio St.3d 69. Contempt for non-payment of child support is governed by R.C. 2705.031. Violation of a contempt order may result in a "civil sanction of an indefinite commitment until the ordered act is performed [and] may be combined with a criminal sanction of a definite fine and/or jail sentence for the violation of the order." In reCaron (Apr. 27, 2000), Franklin App. Nos. 92DR-04-2101 and 99DP-04-427. See, also, Cincinnati v. Cincinnati Dist. Council51 (1973), 35 Ohio St.2d 197. Furthermore, in a contempt action, inability to pay may be raised as an affirmative defense and must be proven by the accused contemnor. United States v. Rylander
(1983), 460 U.S. 752.
 {¶ 11} In the instant case, appellant asserted that she was not able to pay the GAL fees; however, the evidence and the court's findings suggest otherwise. At the July 14, 2005 hearing, the court specifically found that appellant was voluntarily unemployed and that, despite filing bankruptcy, she recently purchased a new vehicle along with car insurance. The court then took into consideration appellant's earning abilities — she had previously quit her job as a substitute teacher in the Cleveland school system — and the fact that she had no medical excuse to keep her from working, concluding that, because appellant had the ability to pay, it was within her power to comply with the order regarding the GAL fees.
 {¶ 12} Appellant's argument that she was unconstitutionally sentenced to imprisonment for debt is misleading. Accordingly, we find that the court did not err when it ordered appellant to serve a 30-day suspended sentence for failing to pay court assessed GAL fees.
 IV. {¶ 13} In her third assignment of error, appellant argues that "the court erred, or abused, its discretion when it denied the motion to remove the `guardian ad litem.'" Although it is extremely difficult to understand exactly what appellant is arguing in this assignment of error, we believe she is saying that the GAL "should be required to abandon this case" because of his "incredulousness with reference to [appellant], and the serious belief by her counsel that he lacks impartiality * * *."
 {¶ 14} Pursuant to R.C. 2151.281(D), a GAL is required to faithfully discharge his or her duties; however, if a GAL fails to do so, the court must discharge the GAL. We review a court's determination of whether a GAL faithfully discharged his or her duties for an abuse of discretion. See Dull v. Kingsley (Dec. 21, 1998), Preble App. No. CA97-12-032. A GAL's primary duty is to investigate the child's situation and to ask the court to do what is in the child's best interest. See, In re Baby GirlBaxter (1985), 17 Ohio St.3d 229; Juv.R. 4(B); R.C.2151.281(B)(1).
 {¶ 15} In the instant case, appellant argues that the GAL should have been removed "for reasons that were truly justifiable" and "truly on target." After a careful reading and rereading of appellant's brief, we find reference to the following: "a false accusation"; "the GAL aggressively opposed counsel's argument that the youngster should be called a [sic] witness"; the GAL's "gross failure to actually investigate the alleged event"; and "the GAL expressed the belief that there was no need for him to be `impartial.'" Appellant does not provide any more details as to the truly justifiable reasons the GAL should be removed. Nor does appellant point to any law supporting her contention that the above vague incidents amount to a GAL failing to perform his duties. As such, we agree with the trial court's summary ruling that there is no merit to appellant's motion to remove the guardian.
 V. {¶ 16} In her fourth and final assignment of error, appellant argues that "the court erred, either in awarding fees to the GAL (even for services rendered), while a motion for his removal was pending; or when it awarded fees in an exorbitant amount." Appellant argues that the GAL failed to properly perform his duties and, as a result, he should not be fully compensated for his services.
 {¶ 17} We first note that appellant cites no authority, and we find none, to support her proposition that a court errs when it awards GAL fees while a motion for removal of that GAL is pending; therefore, we find this argument to be without merit.
 {¶ 18} An order to compensate a guardian ad litem is reviewed under an abuse of discretion standard. Robbins v. Ginese
(1994), 93 Ohio App.3d 370. Pursuant to Civ.R. 75(B)(2) and R.C.3111.14, the court has the authority to tax the costs of a guardian ad litem to the parties. Although the court is afforded much discretion in determining these fees, the following guidelines from Ohio Code Prof.Resp. DR 2-106(B) are useful to the situation at hand: 1) The time and labor required, the novelty and difficulty of the questions involved, and the skill requisite to perform the legal service properly; 2) The fee customarily charged in the locality for similar legal services; 3) The amount involved and the results obtained; 4) The time limitations imposed by the client or by the circumstances; 5) The nature and length of the professional relationship with the client; and 6) The experience, reputation, and ability of the lawyer.
 {¶ 19} The court made the following findings when ruling on the GAL fees in the instant case:
"[T]he response of the parties made the case difficult for theguardian ad litem to perform his functions as guardian ad litemfor the child. The court further finds that the hourly raterequested, $150.00 per hour, is commensurate with customary feesin this locality. The court further finds that the guardian adlitem is an experienced guardian ad litem who regularly practicesin Juvenile Court. The court further finds that the volume ofmotions and filings in this court was and continues to be,extensive, and required the guardian ad litem to respond.
 "The court further finds that all of the guardian ad litem'sservices rendered were necessary and, pursuant to the facts ofthis case, the amount of time expended on the services was fullycompensable. The court further finds that there were numerousfilings in this case and in the Court of Appeals for CuyahogaCounty.
 "The court further finds that the rights of the child wouldnot be protected if reasonable guardian ad litem fees were notawarded."
 {¶ 20} The court ordered the parties to pay the GAL for 62.35 hours at $150 per hour, for work performed between October 22, 2004 and June 30, 2005, based on detail invoices the GAL submitted. We note that at the July 26, 2005 hearing, the GAL testified that "[i]t was difficult to determine exactly the legal basis upon which the arguments were being advanced by [appellant's] counsel, and, therefore, additional time had to be spent to try to determine how best to respond to those briefs." We can only surmise that a major contributing factor to the GAL fees appellant must pay is the library of near cryptic briefs her counsel submitted.
 {¶ 21} However, we are concerned that a portion of the $9,433.75 owed to the GAL represents an amount incurred while he attempted to collect his original fee. This amount would constitute collection fees, which is a civil debt, rather than child support, and may affect the contempt holding and the status of the bankruptcy proceeding.
 {¶ 22} Accordingly, we sustain this assignment of error and remand this matter for a hearing to determine whether a portion of the GAL fees are a civil debt and, thus, what amount is actually owed.
 {¶ 23} This cause is affirmed in part, reversed in part and remanded to the lower court for further proceedings consistent with this opinion.
It is ordered that appellant and appellee share the costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Cuyahoga County Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Frank D. Celebrezze, Jr., P.J., and Patricia Ann Blackmon, J.,concur.