[Cite as *Gibson v. Gibson*, 2012-Ohio-1161.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT

|  |  | JUDGES: |
|---|---|---|
| MARY GIBSON | : | Hon. W. Scott Gwin, P.J. |
|  | : | Hon. William B. Hoffman, J. |
| Plaintiff-Appellee | : | Hon. Julie A. Edwards, J. |
|  | : |  |
| -vs- | : |  |
|  | : | Case No. 2011-CA-00186 |
| JERRY GIBSON | : |  |
|  | : |  |
| Defendant-Appellant | : | O P I N I O N |


CHARACTER OF PROCEEDING:     Civil appeal from the Stark County Court of
Common Pleas, Domestic Relations
Division, Case No. 1994DR00254

JUDGMENT:                              Reversed and Remanded


DATE OF JUDGMENT ENTRY:      March 19, 2012


APPEARANCES:

For Plaintiff-Appellee                    For Defendant-Appellant

ALICIA BOYLE                            CRISTIN ROUSH
P.O. Box 21337                          Stark County Public Defender's Office
Canton, OH  44701                       200 W. Tuscarawas St., Ste. 200
                                        Canton, OH  44702

*Gwin, P.J.*

**{1}** Defendant-appellant Jerry Gibson appeals a judgment of the Court of Common Pleas, Domestic Relations Division, of Stark County, Ohio, which found him in contempt of court for failing to pay child support. Appellee is plaintiff Mary Gibson, and plaintiff-intervenor is Stark County Child Support Enforcement Agency. Appellant assigns two errors to the trial court:

**{2}** "I. THE TRIAL COURT ERRED BY DENYING APPELLANT'S MOTION TO DISMISS APPELLEE'S MOTION TO SHOW CAUSE BECAUSE APPELLANT'S ARREARAGE WAS A CIVIL DEBT.

**{3}** "II. THE TRIAL COURT ERRED BY FINDING APPELLANT IN WILLFUL CONTEMPT OF COURT BECAUSE APPELLANT HAD A VALID DEFENSE THAT HE WAS UNAWARE THAT HE REMAINED UNDER A COURT ORDER TO PAY CHILD SUPPORT AFTER 2007."

**{4}** Contempt results when a party disregards or disobeys an order of judicial authority. *First Bank of Marietta v. Mascrete, Inc.*, 125 Ohio App.3d 257, 263, 708 N.E.2d 262 (1998). Contempt of court may also involve an act or omission substantially disrupting the judicial process in a particular case. *In re Davis*, 77 Ohio App.3d 257, 262, 602 N.E.2d 270 (1991). The law regarding contempt was created to uphold and ensure the effective administration of justice, secure the dignity of the court, and affirm the supremacy of law. *Cramer v. Petrie,* 70 Ohio St.3d 131, 133, 637 N.E.2d 882, 1994–Ohio–404.

**{5}** Courts may classify contempt as civil or criminal, depending upon the character and purpose of the contempt sanctions. Civil contempt is remedial or coercive

in nature and will be imposed to benefit the complainant. *Pugh v. Pugh*, 15 Ohio St.3d 136, 139, 472 N.E.2d 1085 (1984). The burden of proof for civil contempt is clear and convincing evidence. By contrast, criminal contempt sanctions are not coercive, but punitive in nature. *State ex rel. Corn v. Russo,* 90 Ohio St.3d 551, 555, 740 N.E.2d 265, 2001–Ohio–15. Criminal contempt is usually characterized by an unconditional prison sentence, and the contemnor is not afforded an opportunity to purge the contempt. *Brown v. Executive 200,* 64 Ohio St.2d 250, 416 N.E.2d 610 (1980). The burden of proof for criminal contempt is beyond a reasonable doubt. *Id.* at 251.

{6}     To show contempt, it is necessary to establish a valid court order, knowledge of the order, and violation of it. *Arthur Young & Co. v. Kelly* (1990), 68 Ohio App.3d 287, 295, 588 N.E.2d 233. "In civil contempt, intent to violate the order need not be proved." *Id.* However, intent to violate the order is an essential element of criminal contempt. *State v. Chavez–Juarez,* 185 Ohio App.3d 189, 199, 2009–Ohio–6130, 923 N.E.2d 670, appeal not allowed by 124 Ohio St.3d 1509, 2010–Ohio–799, 922 N.E.2d 971. The intent required to prove criminal contempt may be reckless or indifferent disregard of the trial court's order. See *E. Cleveland v. Reed,* 54 Ohio App.2d 147, 151–152, 376 N.E.2d 973 (1977).

{7}     A reviewing court applies an abuse of discretion standard to its review of a trial court's decision in a contempt proceeding and, absent an abuse of discretion, we must affirm. An abuse of discretion is more than an error of law or judgment but, rather, entails an action of the trial court that is unreasonable, arbitrary or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983).

{8} The order appealed from states appellant is in contempt for failure to pay child support but does not set conditions by which appellant can purge. It appears on its face to be a criminal contempt, but for the reasons that follow, it makes no practical difference whether it is civil or criminal.

{9} The record indicates the parties were married in 1977, and produced two children, both of whom are emancipated. The parties dissolved their marriage in 1994, and appellant was ordered to pay child support in the amount of $606.31 per month for two children. Appellant failed to pay the child support as ordered and stipulated to a finding of contempt on June 9, 1999. The court sentenced him to 30 days in jail with 20 suspended.

{10} In 2007, CSEA filed a Motion to Impose, asserting 20 days of the prior sentence had been stayed conditioned on appellant's compliance with all orders of the court. CSEA alleged appellant had failed to do so.

{11} At the April 18, 2007 hearing on the Motion to Impose, appellant requested the court to reduce the arrearages to a lump sum. Appellant stated this would be in the best interest of the children, one of whom had testified the children did not wish to see their father jailed for nonsupport. Appellant argued if the court reduced the judgment to a lump sum both CSEA and appellee would have avenues to execute the judgment but could no longer have him jailed. CSEA responded:

> I would um oppose any request for a judgment, Your Honor, because then it takes it out of child support enforcement. And a substantial portion of these monies are due the State of Ohio, which would require us to put a judgment and monitor that judgment every five years.

And as evidenced by this case, we're not doing our best on this case. So, Your Honor, we ask that it not be reduced to judgment and if you feel inclined to reduce it to a judgment, will you assess interest as required by the Ohio Revised Code because that would be here. Thank you.

Transcript of the Hearing on April 18, 2007, at pages 38-39.

{12} On June 6, 2011, the court entered a judgment stating in its entirety:

The Deft. having been found guilty of contempt, is found to be in arrears as of February 28, 2007 in the amount of $25,251.67. Judgment is awarded to the plaintiff against the defendant in the amount of $14,736.32 plus statutory interest. Judgment awarded to the State of Ohio in the amount of $10,565.00 plus $950.35 processing fees together with interest. Motion to impose sentence denied.

{13} The judgment does not include an order setting a repayment schedule, with dates for periodic payments or for repayment of the arrearage in a lump sum payment. The judgment does not impose any jail time.

{14} Appellant apparently made one payment thereafter, and CSEA filed a show cause motion on September 27, 2011. Attached to appellee's Motion to Show Cause is an affidavit alleging appellant failed to pay court ordered support in the amount of $306.00 per month and has accumulated an arrearage of $25,704.67. The motion also alleged appellant had failed to comply with the court's January 14, 2010 order to seek work. It appears the $306 payment was ordered in 1999.

{15} Appellant moved the court to dismiss the show cause motion, arguing the 2007 judgment was a lump sum judgment and he could not be found in contempt and

jailed because of a civil debt. The magistrate to whom the matter was referred found the mere addition of interest did not create a lump sum judgment and because the order did not contain language expressly referring to a lump sum, the magistrate overruled appellant's motion to dismiss.

{16} At the objection hearing, CSEA conceded the judgment was a lump sum but argued that did not make it a civil debt. CSEA argued reducing arrearages to a lump sum does not change the character of a child support order, and a court can find a defendant in contempt for failing to pay the arrearage. The court overruled the Motion to Dismiss, and the matter was set for trial on the contempt.

{17} At the trial on the contempt charge, appellant testified he was not aware that he had to continue efforts to make monthly payments on the arrearage after 2007. CSEA argued the seek work order should have been sufficient to put appellant on notice he still had to make payments. The court found appellant in contempt and imposed a ninety day sentence, stayed pending appeal.

I & II

{18} In his first assignment of error appellant argues the court erred in finding him in contempt because the arrearage on which the contempt is based is a lump sum judgment rather than a continuing order of child support. In his second assignment of error, appellant argues he was not in willful contempt of court because he was unaware he remained under a court order to pay child support after 2007. These assignments of error are interrelated and will be addressed together.

{19}    Both parties cite us to the two leading cases from the Supreme Court: *Cramer v. Petrie*, 70 Ohio St.3d 131, 1994-Ohio-404, 637 N.E.2d 882, and *Young v. Young*, 70 Ohio St.3d 679, 1994-Ohio-97, 640 N.E.2d 839.

{20}    In *Cramer, supra*, the Supreme Court reviewed a case different from the one at bar. In *Cramer*, the obligor agreed to execute a wage assignment and pay child support of twenty dollars per week, plus poundage. He failed to comply with the agreed terms and the court found him in contempt. The obligor appealed, raising the issue of whether the common pleas court had the authority to hold him in contempt after the child was emancipated. He maintained his legal obligation to support the child ended with the child's emancipation.

{21}    The Supreme Court found courts have inherent authority to compel obedience to their lawfully issued orders. The court found more than the mere duty to support was involved in the case. An independent interest was "the court's strong interest in seeing, as a general matter, that its orders are not disobeyed with impuny." *Id.* at 133.

{22}    The Supreme Court went on to hold an obligation to pay child support is not a debt. "An obligation to pay support arises by operation of law and is a personal duty owed to the former spouse, the child, and society in general." The Court found it had consistently held support obligations are not debts in the ordinary sense of the word. *Id.*

{23}    We emphasize that in *Cramer*, the obligor was under a continuing order to pay the arrearages in weekly installments of a set amount.

**{24}**  In *Young,* the Supreme Court reversed a holding of the Second District Court of Appeals which found a trial court lacked authority to use contempt to enforce payment of lump sum judgment and to enforce child support arrearages due after the children's emancipation but not reduced to a lump sum.  The Supreme Court reversed Young on the authority of *Cramer* without elaborating.

**{25}**  Subsequently, appellate courts have interpreted the Supreme Court's holdings in different ways. Appellee cites us to several appellate court cases including *Bacharowski v. Bacharowski,* Eighth District No. 71164, 1997WL570952; *Beckelhymer v. Beckelhymer,* Twelfth District No. CA91-02-012, 1991 WL254638; and *Stychno v. Stychno*, Eleventh District No. 2008-T-0117, 2009-Ohio-6858. The above cases stand for the proposition a trial court may enforce a child support order by finding an obligor in contempt for failing to pay child support arrearages which had been reduced to a lump-sum judgment.

**{26}**  Appellant urges us to follow the case of *Sizemore v. Sizemore*, 12th Dist. No. CA2009-04-045, 2010-Ohio-1525.  In *Sizemore,* the Court of Appeals for Warren County reviewed *Cramer, supra*, and *Young, supra*, and found *Cramer* did not address a lump-sum judgment. The court also found because *Young* was based solely on the authority of *Cramer* it was not instructive.

**{27}**  The *Sizemore* court cited *Robinson v. Robinson*, 11th Dist. No. 94-L-088, 1996 WL 502141 (August 16, 1996). The *Robinson* court found, and the *Sizemore* court agreed, continuing orders to pay child support arrearages, which are not debts pursuant to *Cramer*, are different from lump sum judgments which are civil debts, enforceable by means of judgment liens but not contempt. The *Sizemore* court found if a judgment is

reduced to a lump sum, then it becomes a civil debt and imprisonment for a debt is precluded under Section 15, Article 1 of the Ohio Constitution.

{28}    We agree with the reasoning in *Sizemore* and *Robinson.*  The cases cited by appellee are easily distinguishable from the case at bar.  In *Bacharowski, supra,* appellant was ordered to pay $2,000.00 plus poundage monthly on the arrearages. *Bacharowski* at page 7.   In *Beckelhymer, supra,* the obligor was ordered to apply proceeds from his pending personal injury case to the lump-sum arrearage.  He failed to do so. The court found the obligor in contempt of court for violating the restraining order and using the proceeds from the lawsuit for other expenses.  *Beckelhymer* at page 1.  In *Stychno*, s*upra*, the obligor had agreed to make monthly payments on the arrearages, which the court had on at least two occasions modified because of changes in the obligor's financial circumstances.  *Stychno*, paragraphs 5 through 8. These cases all had continuing orders to make payments on the arrearages, whereas in the case at bar and in *Sizemore* and *Robinson,* there was none.

{29}    The *Sizemore* court expresses the goal of preserving "the distinction between continuing 'orders' to pay child support arrearages and those reduced to lump-sum judgments." *Sizemore, supra,* at paragraph 14, citing *Peters v. Peters* 115 Ohio App.443, 447, 183 N.E.2d 431(1962). ("A judgment in Ohio * * * is the final determination of the rights of the parties in [an] action. [By contrast] [a]n order of the court is a direction by the court or judge made or entered in writing and not included in a judgment"). Under this definition the orders in *Bacharowski, Beckelhymer* and *Stychno* are not lump-sum judgments at all.

{30}    It is this distinction between continuing orders and final judgments that demonstrates the reason why courts cannot use contempt proceedings to enforce lump-sum judgments. A true lump-sum judgment does not order an obligor to do anything. It is well settled that a party cannot be found in contempt of court premised upon a failure to obey an order of the court if the order is not clear, definite, and unambiguous.  If the order is subject to differing interpretations, a party cannot be found in contempt.

{31}    In *Marysville v. Wilson*, 3d Dist. No. 14-94-8 (1994), the court reviewed a situation where the court authorized a work release for a prisoner after he had served three days in jail.  The court found the sheriff in contempt of court when he did not release the appellee to go to work.

{32}    The court of appeals in *Wilson* found the commitment order did not direct that the sheriff actually release the prisoner for work, but merely authorized him to do so. The court noted the order did not state the hours the prisoner was to be released from jail, nor give any indication of what action should be taken if, as the sheriff suspected, the prisoner actually had no job.  The prisoner had been working as a construction laborer, and only worked when the weather was suitable.  The court of appeals found the court's order did not indicate whether the sheriff was to release the prisoner during inclement weather.  The court of appeals reversed the finding of contempt, concluding the court's order left many pertinent issues unresolved. *Id.* at pages 2-3.

{33}    In the case at bar, the judgment entry did not direct appellant how he was to pay the judgment.  It provided no time limit for a lump-sum payment nor did it set up periodic payments, the amount of the payment, and the date on which it was due.  In

short, the judgment did not give appellant any information on how he was to comply with the court's order and what he should do to avoid more jail time.

{34} The lack of orders to the obligor also deprives this court of the ability to make an effective appellate review of the court's decision regarding compliance.

{35} In addition, in light of the representations made by both appellant's counsel and CSEA's counsel at the April 1997 hearing, coupled with the court's subsequent judgment entry that did not set a repayment schedule or impose jail time, it is clear where appellant got the idea he did not have to make further payments. Even if we consider the contempt to be civil and apply the lower standard of proof, the record simply does not demonstrate by clear and convincing evidence appellant had notice of what he was obligated to do and therefore does not demonstrate he violated the court's order.

{36} We find the court erred in finding this lump sum judgment was enforceable by contempt. The judgment of 2007 was a lump sum judgment that converted the child support obligation to a civil debt, and the United States and Ohio Constitution preclude debtor's prison.

{37} The assignments of error are sustained.

**{38}** For the forgoing reasons, the judgment of the Court of Common Pleas, Domestic Relations Division, of Stark County, Ohio, is reversed, and the cause is remanded to the court for further proceedings in accord with law and consistent with this opinion.

By Gwin, P.J.,

Hoffman, J., and

Edwards, J., concur

_____
HON. W. SCOTT GWIN


_____
HON. WILLIAM B. HOFFMAN


_____
HON. JULIE A. EDWARDS

WSG:clw 0216

[Cite as *Gibson v. Gibson*, 2012-Ohio-1161.]

IN THE COURT OF APPEALS FOR STARK COUNTY, OHIO

FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| MARY GIBSON | : | |
| | : | |
| Plaintiff-Appellee | : | |
| | : | |
| | : | |
| -vs- | : | JUDGMENT ENTRY |
| | : | |
| JERRY GIBSON | : | |
| | : | |
| | : | |
| Defendant-Appellant | : | CASE NO. 2011-CA-00186 |

For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas, Domestic Relations Division, of Stark County, Ohio, is reversed, and the cause is remanded to the court for further proceedings in accord with law and consistent with this opinion. Costs to CSEA.

_____
HON. W. SCOTT GWIN

_____
HON. WILLIAM B. HOFFMAN

_____
HON. JULIE A. EDWARDS