[Cite as *In re Contempt of Pappas*, 2014-Ohio-4093.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**Nos. 101059 and 101060**

# IN RE: CONTEMPT OF JOHN S. PAPPAS AND JAMES A. BURKE

APPELLEES

In the matters styled:

*John S. Pappas v. Jennifer A. Basile*
and
*James A. Burke v. Raenette L. Burke*

[Appeal by John J. Ready, Guardian ad Litem]

**JUDGMENT:**
AFFIRMED

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Domestic Relations Division
Case Nos. DR-00-273292 and DR-06-312006

**BEFORE:** Kilbane, J., Keough, P.J., and McCormack, J.

**RELEASED AND JOURNALIZED:** September 18, 2014

**ATTORNEYS FOR APPELLANT**

John J. Ready
Sarah E. English
John J. Ready & Associates
905-A Canterbury Road
Westlake, Ohio 44145

**FOR APPELLEES**

John S. Pappas, pro se
264 Moore Road, Apartment 4E
Avon Lake, Ohio 44012

James A. Burke, pro se
4122 Columbia Square
Suite 103
North Olmsted, Ohio 44070

MARY EILEEN KILBANE, J.:

**{¶1}** In these consolidated appeals, arising out of similar issues in two separate matters, appellant-guardian ad litem, John J. Ready ("Ready"), appeals the rulings of the Cuyahoga County Domestic Relations Court that denied his motions to show cause as to why appellees, John S. Pappas ("Pappas") and James A. Burke ("Burke") should not be held in contempt of court for failing to pay judgments awarded to Ready. For the reasons set forth below, we affirm both orders.

**Appeal No. 101059**
*John S. Pappas v. Jennifer A. Basile*

**{¶2}** On April 10, 2000, Pappas and Jennifer Basile filed a complaint for dissolution. On September 28, 2005, Ready was appointed to serve as guardian ad litem ("GAL") for the parties' minor children. On January 23, 2008, the parties and Ready entered into an agreed journal entry that awarded Ready GAL fees in the amount of $5,214 from both Pappas and Basile. The agreed entry also stated that "judgment is rendered [in the stated amounts] and for which execution shall issue for services rendered as Guardian Ad Litem in the above-captioned matter through December 12, 2007."

**{¶3}** The GAL fees continued to accrue over the course of the litigation and on October 26, 2009, the GAL and Pappas entered into another agreed journal entry that provided:

> John S. Pappas shall pay Seventy-Five Dollars ($75.00) by the fifth day of
>
> each month as and for his portion of Guardian ad litem fees until the total

balance due of Five Thousand Seven Hundred Twenty-One Dollars and Ten

Cents ($5,721.10) has been satisfied.

{¶4} On January 15, 2014, Ready filed a motion to show cause against Pappas as

to why he should not be held in contempt of court, averring that he had paid only $520 on

the $5,214 judgment. On February 4, 2014, the trial court denied the motion to show

cause in a journal entry that stated:

> On January 23, 2008, this Court awarded Ready a judgment against Pappas
> in the amount of $5,214. When a debt has been reduced to judgment, it
> cannot be enforced by contempt. A money judgment "may be executed
> upon or certified as a judgment lien which may be transferred and on which
> attachment or garnishment may issue;" however, such a judgment cannot be
> enforced by contempt because "doing so would contravene the Ohio
> Constitution's prohibition on imprisonment for 'debt.'" (Citations omitted.)
> *Sizemore v. Sizemore,* 12th Dist. Warren No. CA2009-04-045,
> 2010-Ohio-1525, ¶ 14, 18; *accord, Gibson v. Gibson*, 5th Dist. Stark No.
> 2011-CA-00186, 2012-Ohio-1161, ¶ 29.

**Appeal No. 101060**
*James A. Burke v. Raenette L. Burke*

{¶5} On August 14, 2006, Raenette filed a complaint for divorce against Burke.

On July 27, 2007, Ready was appointed GAL of the parties' three minor children. On

July 25, 2008, the parties entered into an agreed judgment entry that awarded Ready GAL

fees in the amount of $4,138.81 from both Raenette and Burke.

{¶6} On August 7, 2009, Ready filed a motion to show cause against Raenette

as to why she should not be held in contempt of court for failing to pay the agreed

judgment, alleging that she had not made any payments on her portion of the fees

awarded to Ready. The magistrate held a hearing and determined that Raenette "failed to

make any payments whatsoever, except a $20.00 payment received by this office this morning." The magistrate issued a decision recommending that the court hold her in contempt of court. On January 11, 2010, the court issued a contempt citation against Raenette but permitted her to purge the contempt citation by making scheduled payments on the balance due.

{¶7} On January 15, 2014, Ready filed a motion to show cause seeking to have Burke found in contempt of court, averring that he had paid $2,175 of the $4,138.81 agreed judgment amount, and that there was an unpaid balance of $1,963.81 On February 4, 2014, the trial court denied the motion and determined:

> When a debt has been reduced to judgment, it cannot be enforced by contempt. A money judgment "may be executed upon or certified as a judgment lien which may be transferred and on which attachment or garnishment may issue;" however, such a judgment cannot be enforced by contempt because "doing so would contravene the Ohio Constitution's prohibition on imprisonment for 'debt.'" (Citations omitted.)

{¶8} Ready appeals from the final orders against Pappas and Burke, assigning the following error for our review:

> The trial court erred when it denied Appellant-Guardian ad Litem John J. Ready's motion to show cause for nonpayment of guardian ad litem fees and by relying upon the Ohio Constitution's prohibition against

imprisonment for a debt as the basis for the denial of appellant's motion to show cause.

**{¶9}** An appellate court reviews a trial court's contempt rulings for an abuse of discretion. *State ex rel. Celebrezze v. Gibbs*, 60 Ohio St.3d 69, 75, 573 N.E.2d 62 (1991); *Hopson v. Hopson*, 10th Dist. Franklin No. 04AP-1349, 2005-Ohio-6468, ¶ 9. Similarly, a trial court is granted broad discretion with respect to GAL appointments and orders for payment of their fees. *Gabriel v. Gabriel*, 6th Dist. Lucas No. L-08-1303, 2009-Ohio-1814, ¶ 15. A trial court's appointment of a GAL and award of fees must be upheld absent an abuse of discretion. *Id.*; *Swanson v. Schoonover*, 8th Dist. Cuyahoga Nos. 95213, 95517, and 95570, 2011-Ohio-226; *Robbins v. Ginese*, 93 Ohio App.3d 370, 638 N.E.2d 627 (8th Dist. 1994). Pursuant to R.C. 3111.14, the court has the authority to tax the costs of a GAL to the parties, and a trial court is given considerable discretion in these matters. *Robbins* at 372.

**{¶10}** An abuse of discretion occurs when the trial court's judgment is unreasonable, arbitrary or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983). Under this deferential standard, we may not freely substitute our judgment for that of the trial court. *Dunagan v. Dunagan*, 8th Dist. Cuyahoga No. 93678, 2010-Ohio-5232, ¶ 12; *In re Jane Doe I*, 57 Ohio St.3d 135, 137-138, 566 N.E.2d 1181 (1991). If the trial court's determination is supported by some competent, credible evidence, this court will not disturb the decision below. *Deacon v. Deacon*, 8th Dist. Cuyahoga No. 91609, 2009-Ohio-2491, ¶ 14.

{¶11} In these consolidated matters, the trial court held that the agreed judgments requiring the parties to pay the GAL fees could not be enforced through contempt sanctions. Relying upon *Gibson*, 5th Dist. Stark No. 2011-CA-00186, 2012-Ohio-1161, and *Sizemore*, 12th Dist. Warren No. CA2009-04-045, 2010-Ohio-1525, the court concluded that enforcement through contempt proceedings "would contravene the Ohio Constitution's prohibition on imprisonment for debt" set forth in Section 15, Article I of the Ohio Constitution, which reads:

> No person shall be imprisoned for debt in any civil action, on mesne or final process, unless in cases of fraud.

{¶12} In *Cramer v. Petrie*, 70 Ohio St.3d 131, 1994-Ohio-404, 637 N.E.2d 882, the court held that the obligation to pay child support is not a "debt" within the meaning of that term in Section 15, Article I, but is a "a personal duty owed to the former spouse, the child, and society in general" so it may be enforced by means of imprisonment through contempt proceedings even after the child who is the subject of the order is emancipated. *Cramer* did not, however, involve the issue of a lump sum judgment and the obligor was under a continuing order to pay the arrearages in weekly installments of a set amount.

{¶13} In *Young v. Young*, 70 Ohio St.3d 679, 1994-Ohio-97, 640 N.E.2d 839, the Supreme Court reversed, without opinion, a decision from the Second District Court of Appeals that found that a trial court lacked authority to use contempt to enforce both payment of lump sum judgment and a continuing order to enforce child support

arrearages due after the children's emancipation that was not reduced to a lump sum judgment.

{¶14} In reaching its conclusion in this matter, the trial court relied upon *Sizemore,* 12th Dist. Warren No. CA2009-04-045, 2010-Ohio-1525*,* and *Gibson,* 5th Dist. Stark No. 2011-CA-00186, 2012-Ohio-1161. In *Sizemore* and *Gibson*, the courts analyzed a number of cases and held that once an unpaid arrearage is reduced to a lump sum judgment, it becomes a civil debt, which cannot be enforced through contempt. The *Sizemore* and *Gibson* courts distinguished *Cramer* since it did not address the issue of a lump sum judgment and the obligor was under a continuing order to pay the arrearages in weekly installments of a set amount. They also found *Young* to be of limited precedential value, however, since it was based solely on the authority of *Cramer*. In short, both decisions emphasized the distinction between continuing orders to pay child support arrearages, which are not debts pursuant to *Cramer*, and lump sum judgments, which are civil debts enforceable by means of judgment liens but not contempt.

{¶15} Having applied our deferential standard of review, we find no abuse of discretion. In both matters under review herein, the GAL fees were reduced to judgment. The record reveals that Pappas had paid over $500 on the debt and Burke had paid $2,175 by the time the motions for contempt were filed. These payments indicate compliance and lack of contempt for the court's orders. Moreover, the judgment entries in both matters clearly outline the court's legal analysis, which was supported by case law, as the parties' agreed judgment entry was, essentially, a contract that is reduced to

judgment. *Padgett v. Padgett*, 10th Dist. Franklin No. 08AP-269, 2008-Ohio-6815, ¶ 28; *Nunnari v. Paul*, 6th Dist. Lucas No. L-06-1281, 2007-Ohio-5591, ¶ 16. Therefore, there is competent, credible evidence to support the trial court's decision, and it is not unreasonable, arbitrary, or unconscionable. Accordingly, we will not substitute our decision for that of the trial court. We find no abuse of discretion, and we affirm both orders challenged herein.

It is ordered that appellees recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____

MARY EILEEN KILBANE, JUDGE

KATHLEEN ANN KEOUGH, P.J., and
TIM McCORMACK, J., CONCUR