[Cite as *Pappas v. Basile*, 2014-Ohio-5279.]

COURT OF APPEALS OF OHIO, EIGHTH DISTRICT
COUNTY OF CUYAHOGA
Andrea Rocco, Clerk of Courts

JOHN S. PAPPAS

Appellee

vs.

JENNIFER A. BASILE

Appellant

| | COA NO. | LOWER COURT NO. |
|---|---|---|
| | 101059 | DR-00-273292 |
| | 101060 | DR-06-312006 |

DOMESTIC RELATIONS

MOTION NO. 479913

DATE: November 26, 2014

Journal Entry

Upon further review, this court sua sponte reconsiders its decision in this case. The journal entry and opinion as announced by this court on September 18, 2014 (2014-Ohio-4093), is hereby vacated and substituted with the journal entry and opinion issued November 26, 2014.

KATHLEEN ANN KEOUGH, P.J., Concurs

TIM McCORMACK, J., Concurs

MARY EILEEN KILBANE,
Judge

Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**Nos. 101059 and 101060**

**IN RE: CONTEMPT OF JOHN S. PAPPAS
AND JAMES A. BURKE**

APPELLEES

In the matters styled:

*John S. Pappas v. Jennifer A. Basile*
and
*James A. Burke v. Raenette L. Burke*

[Appeal by John J. Ready, Guardian Ad Litem]

**JUDGMENT:**
AFFIRMED

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Domestic Relations Division
Case Nos. DR-00-273292 and DR-06-312006

**BEFORE:**   Kilbane, J., Keough, P.J., and McCormack, J.

**RELEASED AND JOURNALIZED:**   November 26, 2014

**ATTORNEYS FOR APPELLANT**

John J. Ready
Sarah E. English
John J. Ready & Associates
905-A Canterbury Road
Westlake, Ohio 44145


**APPELLEES**

John S. Pappas, pro se
264 Moore Road, Apartment 4E
Avon Lake, Ohio 44012

James A. Burke, pro se
4122 Columbia Square
Suite 103
North Olmsted, Ohio 44070

ON RECONSIDERATION[1]

MARY EILEEN KILBANE, J.:

{¶1} In these consolidated appeals, appellant-guardian ad litem, John J. Ready ("Ready"), appeals the rulings of the Cuyahoga County Domestic Relations Court that denied his motions to show cause as to why appellees, John S. Pappas ("Pappas") and James A. Burke ("Burke") should not be held in contempt of court for failing to pay judgments awarded to Ready. Ready argued that the judgments, arising from guardian ad litem ("GAL") fees, are in the nature of child support so they are enforceable through contempt proceedings. In an opinion released on September 18, 2014, this court affirmed the denial of both of Ready's motions to show cause. *In re Pappas*, 8th Dist. Cuyahoga No. 101059 and 101060, 2014-Ohio-4093 ("*Pappas I*"). Ready argues that pursuant to App.R. 26, there is a conflict between *Pappas I* and *Bacharowski v. Bacharowski*, 8th Dist. Cuyahoga No. 71164, 1997 Ohio App. LEXIS 3212 (July 24, 1997), and *In re Thomas*, 8th Dist. Cuyahoga Nos. 86375 and 86939, 2006-Ohio-3324.

{¶2} Upon reconsideration of these consolidated appeals, we find no conflict with *Bacharowski* because *Bacharowski* did not involve GAL fees. In addition, the *Thomas* court cautioned that some of the amount owed to a GAL might not be in the nature of child support, but instead might constitute a civil debt. *Thomas* is therefore distinguishable from this matter, and we conclude that the trial court did not abuse its broad discretion and affirm the orders of the trial court denying Ready's motions to show cause.

---

[1]Sua sponte, upon further review, this court reconsiders its decision in this case. The original announcement of decision, *In Re: Contempt of John S. Pappas & James A. Burke*, 8th Dist. Cuyahoga Nos. 101059 and 101060, 2014-Ohio-4093, released September 18, 2014, is hereby vacated. This opinion, issued upon reconsideration, is the court's journalized decision in this appeal. *See* App.R. 22(C).

**{¶3}** On April 10, 2000, Pappas and Jennifer Basile filed a complaint for dissolution. On September 21, 2005, Ready was appointed to serve as GAL for the parties' child, J.P., and on September 28, 2005, Ready was appointed to serve as GAL for the parties' child, S.P. On June 14, 2007, the parties entered into an agreed entry regarding shared parenting. On January 23, 2008, the parties and Ready entered into an agreed journal entry regarding GAL fees that provided in relevant part as follows:

> "[The parties] hereby agree that each party shall be responsible for one-half (50%) of the [GAL] fees.
>
> "IT IS THEREFORE ORDERED ADJUDGED AND DECREED that the [GAL], John J. Ready, is hereby awarded judgment against John Pappas in the amount of FIVE THOUSAND TWO HUNDRED FOURTEEN DOLLARS ($5,214.00) and against Jennifer Basile, in the amount of FIVE THOUSAND TWO HUNDRED FOURTEEN DOLLARS ($5,214.00) for which judgment is rendered and for which execution shall issue for services rendered as GAL in the above-captioned matter through December 12, 2007.
>
> * * *
>
> IT IS FURTHER ORDERED, ADJUDGED AND DECREED that GAL fees ordered herein *are in the nature of child support* and are not dischargeable in any bankruptcy proceeding.

(Emphasis added.)

**{¶4}** The GAL fees continued to accrue over the course of the litigation, and on October 26, 2009, the GAL and Pappas entered into another agreed journal entry that provided:

> John S. Pappas shall pay Seventy-Five Dollars ($75.00) by the fifth day of each month as and for his portion of [GAL] fees until the total balance due of Five Thousand Seven Hundred Twenty-One Dollars and Ten Cents ($5,721.10) has been satisfied.

**{¶5}** On January 15, 2014, Ready filed a motion to show cause against Pappas as to why he should not be held in contempt of court, averring that he had paid only $520 on the $5,214 judgment, and currently owes $7,683.89. On February 4, 2014, the trial court denied the motion to show cause in a journal entry that stated:

> On January 23, 2008, this Court awarded Ready a judgment against Pappas in the amount of $5,214. When a debt has been reduced to judgment, it cannot be enforced by contempt. A money judgment "may be executed upon or certified as a judgment lien which may be transferred and on which attachment or garnishment may issue"; however, such a judgment cannot be enforced by contempt because "doing so would contravene the Ohio Constitution's prohibition on imprisonment for 'debt.'" *Sizemore v. Sizemore,* 12th Dist. Warren No. CA2009-04-045, 2010-Ohio-1525, ¶ 14, 18; *accord Gibson v. Gibson*, 5th Dist. Stark No. 2011-CA-00186, 2012-Ohio-1161, ¶ 29.

**{¶6}** Ready appealed this ruling in App. No. 101059, arguing that the trial court erroneously denied his motion to show cause by relying upon the Ohio Constitution's prohibition against imprisonment for a debt.

**Appeal No. 101060**
*James A. Burke v. Raenette L. Burke*

**{¶7}** On August 14, 2006, Raenette Burke ("Raenette") filed a complaint for divorce against Burke. On July 27, 2007, Ready was appointed GAL of the parties' three minor children. On July 25, 2008, the parties entered into an agreed judgment entry that awarded Ready GAL fees in the amount of $4,138.81 from both Raenette and Burke. The agreed judgment entry provided in relevant part as follows:

> IT IS, THEREFORE ORDERED ADJUDGED AND DECREED that the [GAL], John J. Ready, is hereby awarded judgment against Raenette Louise Burke in the amount of FOUR THOUSAND ONE HUNDRED THIRTY-EIGHT DOLLARS AND EIGHTY-ONE CENTS ($4,138.81) and against James A. Burke, in the amount of FOUR THOUSAND ONE HUNDRED THIRTY-EIGHT DOLLARS AND EIGHTY-ONE CENTS ($4,138.81) for which judgment is rendered and for which execution shall issue for services rendered as [GAL] in the above-captioned matter through June 25, 2008.

\* \* \*

> IT IS FURTHER ORDERED, ADJUDGED AND DECREED that [GAL] fees ordered herein *are in the nature of child support* and are not dischargeable in any bankruptcy proceeding.

(Emphasis added.)

**{¶8}** On August 7, 2009, Ready filed a motion to show cause against Raenette as to why she should not be held in contempt of court for failing to pay the agreed judgment, alleging that she had not made any payments on her portion of the fees awarded to Ready. The magistrate held a hearing and determined that Raenette "failed to make any payments whatsoever, except a $20.00 payment received by this office this morning." The magistrate issued a

decision recommending that the court hold her in contempt of court. On January 11, 2010, the court issued a contempt citation against Raenette but permitted her to purge the contempt citation by making scheduled payments on the balance due.

**{¶9}** On January 15, 2014, Ready filed a motion to show cause seeking to have Burke found in contempt of court, averring that he had paid $2,175 of the $4,138.81 agreed judgment amount, and that there was an unpaid balance of $1,963.81. On February 4, 2014, the trial court denied the motion and determined:

> On July 23, 2008, this Court awarded Ready a judgment against Burke in the amount of $4,138.81. Ready states that Burke has made payments in partial satisfaction of the judgment, totaling $2,175, leaving a balance of $1,963.81 plus interest unpaid. When a debt has been reduced to judgment, it cannot be

enforced by contempt. A money judgment "may be executed upon or certified as a judgment lien which may be transferred and on which attachment or garnishment may issue"; however, such a judgment cannot be enforced by contempt because "doing so would contravene the Ohio Constitution's prohibition on imprisonment for 'debt.'" * * * *Sizemore v. Sizemore,* 12th Dist. Warren No. CA2009-04-045, 2010-Ohio-1525, ¶ 14, 18; *accord Gibson v. Gibson*, 5th Dist. Stark No. 2011-CA-00186, 2012-Ohio-1161, ¶ 29.

{¶10} Ready appealed this ruling in App. No. 101060, arguing that the trial court erroneously denied his motion to show cause by relying upon the Ohio Constitution's prohibition against imprisonment for a debt. On April 3, 2014, this court granted Ready's motion to consolidate App. Nos. 101059 and 101060.

### Review for an Abuse of Broad Discretion

{¶11} Beginning, as we must, with our standard of review, we note that Civ.R. 75(B)(2) grants to the court broad authority to tax as costs the guardian ad litem's fee. *Pruden-Wilgus v. Wilgus*, 46 Ohio App.3d 13, 16, 545 N.E.2d 647 (6th Dist.1988). In *Pappas I* , this court observed that the trial court had relied upon *Gibson*, 5th Dist. Stark No. 2011-CA-00186, 2012-Ohio-1161, and *Sizemore*, and in light of the deferential standard of review, found no abuse of discretion.

{¶12} In *Bacharowski*, 1997 Ohio App. LEXIS 3212, this court noted the trial court's discretion and held that a trial court "correctly used its contempt powers to enforce the amount due upon the [child support] arrearage which had been reduced to judgment." Similarly, in *Thomas*, 8th Dist. Cuyahoga Nos. 86375 and 86939, 2006-Ohio-3324, this court likewise noted the abuse of discretion standard of review, and then upheld a contempt citation where the mother

failed to pay the GAL fees to the extent that they were in the nature of support to meet the needs of the minor child. It therefore bears noting, as a preliminary matter with regard to the standard of review, that in both *Bacharowski* and *Thomas*, as in the instant case, the trial court's actions were affirmed following application of the deferential standard of an abuse of discretion.

### No Conflict With *Bacharowski*

{¶13} With regard to the substantive law, we note that *Bacharowski* did not involve GAL fees, but rather, involved the issue of enforcement of child support orders. Because the amount in controversy was indisputably in the nature of support, the *Bacharowski* court concluded that the trial court properly found the obligor in contempt for failing to pay child support arrearages, even where they had been reduced to a lump-sum judgment. *Bacharowski* arrived at this conclusion by application of the Ohio Supreme Court's decisions in *Cramer v. Petrie*, 70 Ohio St.3d 131, 1994-Ohio-404, 637 N.E.2d 882 ( obligation to pay child support is not a "debt" within the constitutional prohibition against imprisonment for debts, but is a "a personal duty" owed to the former spouse, the child, and society in general so it may be enforced through contempt proceedings even after the child is emancipated), and *Young v. Young*, 70 Ohio St.3d 679, 1994-Ohio-97, 640 N.E.2d 839 (reversing, without opinion, a decision that concluded that a trial court lacked authority to use contempt to enforce both payment of lump sum judgment and a continuing order to enforce child support arrearages that were not reduced to a lump sum judgment).

{¶14} Therefore, we conclude that *Bacharowski* is not in conflict with this court's decision in *Pappas I* since *Bacharowski* involved child support payments and did not involve GAL fees or other payments to a third party.

### *Thomas* Is Distinguishable

**{¶15}** In *Thomas*, 8th Dist. Cuyahoga Nos. 86375 and 86939, 2006-Ohio-3324, the trial court ordered the mother to pay $6,168 to the GAL "as [GAL] fees, for additional child support[.]" This court agreed with the trial court's conclusion that the sum was not dischargeable in bankruptcy and stated:

> Pursuant to R.C. 3111.14, the court may assess [GAL] fees against the parties in a child support case. *See Sutherland v. Sutherland* (1989), 61 Ohio App.3d 137. Under 11 U.S.C. 523(A)(5), a bankruptcy proceeding "does not discharge an individual debtor from any debt * * * for a domestic support obligation." *See also Jackson v. Herron*, Lake App. No. 2004-L-045, 2005-Ohio-4039 (holding that "the United States Bankruptcy Court for the Northern District of Ohio * * * held that the nature of the duties performed by a [GAL] 'is clearly within the nature of support to meet the needs of the minor child.' As such, [GAL] fees, like a child support obligation, is a nondischargeable debt") (quoting *In re Lever* (N.D. Ohio 1991), 174 B.R. 936, 942). Furthermore, pursuant to B.R. 4007 and 28 U.S.C. 1334, state courts have concurrent jurisdiction with bankruptcy courts to hear matters concerning whether a particular payment is in the nature of support and, thus, whether it is dischargeable.

**{¶16}** The *Thomas* court recognized that pursuant to Civ.R. 75(B)(2), a trial court may "appoint a [GAL] and legal counsel, if necessary, for the child and tax the *costs*." (Emphasis added.) The *Thomas* court did not consider, however, that under Article I, Section 15 of the Ohio Constitution, a court may not use its contempt powers to compel payment of court costs. *Strattman v. Studt*, 20 Ohio St.2d 95, 253 N.E.2d 749 (1969), paragraphs six and seven of the syllabus.

**{¶17}** Likewise, the *Thomas* court did not take into account that pursuant to R.C. 3105.73, GAL fees are "litigation expenses." In accordance with R.C. 3105.73(D), "nothing in this section prevents an award of attorney's fees and litigation expenses from being designated as *spousal* support," but there is no authorization for treating the fees as child support. In *O'Malley v. O'Malley*, 8th Dist. Cuyahoga No. 98708, 2013-Ohio-5238, the trial court ordered the mother to pay half the GAL fees and the expert fees as child support. This court held that GAL fees,

expert fees, and attorney fees are "litigation expenses" under R.C. 3105.73. *Id.* at ¶ 87, citing *In re S.B.*, 11th Dist. Ashtabula No. 2010-A-0019, 2011-Ohio-1162, ¶ 119 (GAL fees are litigation expenses); *Brooks v. Brooks*, 6th Dist. Fulton No. F-11-020, 2013-Ohio-405, ¶ 24 (expert fees are litigation expenses). *See also Wilson v. Wilson*, 9th Dist. Wayne No. 05CA0078, 2008-Ohio-3195, ¶ 13.

**{¶18}** The importance of the statutory designation of the GAL fees was explained in *Goldberg v. Miller*, 371 Md. 591, 810 A.2d 947 (2002). In that case, the Court of Appeals of Maryland, the highest court in that state, addressed a guardian's request that the guardian fees be deemed to be in the nature of child support. The court observed that if it were to do so, the fees would be exempt from bankruptcy discharge and subject to garnishment so it determined that clear support in the law was required. The court stated:

> Goldberg, however, asks this Court to elevate the status of [GAL] fees to the highest and most protected status an obligation can hold under the Maryland law, child support. * * * The obligation to pay child support is exempt from the Maryland Constitution's prohibition against imprisonment for debt. Md. Const. Art. III, § 38. Thus, as with the failure to comply with any equitable order of the court, failure to comply with a court's order to pay child support might land the debtor in jail. * * *
>
> The possibility of receiving such a harsh penalty could lead to unjust consequences. The first is obvious; for the first time, the award of attorney's fees could result in imprisonment of a parent. In addition, if [GAL] fees were enforceable by contempt like child support, an obligation to pay attorney's fees could take precedence over most other financial obligations, one of which might include supporting dependent children who reside with the obligated parent. If the legislature intended this collection mechanism to apply to [GAL] fees, it would have expressly categorized those fees as child support. It did not. We refuse to create such a preference for [GAL] in the absence of legislative authority.

**{¶19}** In addition, the *Thomas* court did not address the fact that neither the Local Rules of the Cuyahoga County Domestic Relations Court nor the Ohio Rules of Superintendence authorize treating the GAL expenses as in the nature of child support.

**{¶20}** Loc.R. 35(E) provides:

(E) Compensation.

[A GAL] shall be compensated at the rate of $125.00 per hour for all reasonable

and necessary time expended.

At the time of the [GAL's] appointment, the Court shall order one or both of the parties to post a cash bond with the Clerk of Court, which bond shall not exceed $1,000.00. In the event the Court determines that the parties are unable to post such a bond, the Court may issue an order waiving this requirement. The bond shall be held as security for partial payment of the [GAL] fees and expenses.

Upon motion for [GAL] fees, the Court shall conduct a hearing to determine if the

fee sought by the [GAL] is reasonable and necessary and to determine the amount

each party shall contribute toward the fee. Any order for fees shall include a

direction to the Clerk of Courts to release the bond to the [GAL].

**{¶21}** Sup.R. 48(C)(3) simply designates the expenses as "fees" and states: "The court

shall make provisions for fees and expenses in the Order."

**{¶22}** In any event, we find *Thomas,* 8th Dist. Cuyahoga Nos. 86375 and 86939,

2006-Ohio-3324, to be distinguishable from the instant matter, as *Thomas* did not directly

address whether a contempt citation for failure to pay the GAL fees would violate the

constitutional prohibition against imprisonment for a debt. Rather, the *Thomas* court simply

examined the obligor's finances, applied the abuse of discretion standard and affirmed the

contempt citation and penalty. The *Thomas* court stated:

> In her second assignment of error, appellant argues that "given the fact that unassailable proof showed the appellant not only lacked the funds to pay the past due 'GAL' fees, but also showed that she was barely subsisting on welfare (in the form of food stamps and a section 8 voucher) along with the assistance of her parents, the sentence imposed herein because of a failure to discharge assessed GAL fees would, if executed, violate the prohibition against imprisonment for

debt." Although unclear from her brief, appellant seems to argue that she should not be responsible for paying the GAL fees because she does not have the money.

We review a contempt holding for failure to pay child support under an abuse of discretion standard. See *State ex rel. Celebrezze v. Gibbs* (1991), 60 Ohio St.3d 69, 573 N.E.2d 62. Contempt for non-payment of child support is governed by R.C. 2705.031. Violation of a contempt order may result in a "civil sanction of an indefinite commitment until the ordered act is performed [and] may be combined with a criminal sanction of a definite fine and/or jail sentence for the violation of the order." *In re Caron*, 110 Ohio Misc. 2d 58, 744 N.E.2d 787. *See also Cincinnati v. Cincinnati Dist. Council 51* (1973), 35 Ohio St.2d 197, 299 N.E.2d 686. Furthermore, in a contempt action, inability to pay may be raised as an affirmative defense and must be proven by the accused contemnor. *U. S. v. Rylander* (1983), 460 U.S. 752, 103 S.Ct. 1548, 75 L.Ed.2d 521.

In the instant case, appellant asserted that she was not able to pay the GAL fees; however, the evidence and the court's findings suggest otherwise. At the July 14, 2005 hearing, the court specifically found that appellant was voluntarily unemployed and that, despite filing bankruptcy, she recently purchased a new vehicle along with car insurance. The court then took into consideration appellant's earning abilities — she had previously quit her job as a substitute teacher in the Cleveland school system — and the fact that she had no medical excuse to keep her from working, concluding that, because appellant had the ability to pay, it was within her power to comply with the order regarding the GAL fees.

Appellant's argument that she was unconstitutionally sentenced to imprisonment for debt is misleading. Accordingly, we find that the court did not err when it ordered appellant to serve a 30-day suspended sentence for failing to pay court assessed GAL fees.

{¶23}   In that the *Thomas* court found that the appellant's "argument that she was unconstitutionally sentenced to imprisonment for debt is misleading," it did not directly address that issue.   We therefore conclude that this matter does not  present a direct conflict with *Thomas*.

**{¶24}** Applying all of the foregoing to the instant appeal, we find no abuse of discretion in connection with the rulings issued in *Pappas* and *Burke*.[2] In this matter, the agreed entries simply indicated that the outstanding amounts were in the nature of support, but R.C. 3105.73 designates GAL fees are "litigation expenses," and neither the Local Rules of Court, nor the Rules of Superintentendence designate the fees to be in the nature of child support. The court in both matters was therefore entirely within its broad discretion in refusing to find Pappas and Burke in contempt of court for nonpayment.

**{¶25}** Both matters are affirmed.

It is ordered that appellees recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____

MARY EILEEN KILBANE, JUDGE

KATHLEEN ANN KEOUGH, P.J., and
TIM McCORMACK, J., CONCUR

---

[2]An appellate court will not reverse an outcome where it agrees with the trial court's conclusion but employs a different rationale. *State ex rel. Gilmore v. Mitchell,* 86 Ohio St.3d 302, 303, 1999-Ohio-166, 714 N.E.2d 925.